# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COX COMMUNICATIONS LAS VEGAS, INC., VIDEO INTERNET PHONE INSTALLS, INC., QUALITY COMMUNICATIONS, INC., SIERRA COMMUNICATIONS, CO.,<br><br>Defendants. | 2:09-CV-01797-PMP-RJJ<br><br>**<u>ORDER</u>** |

On June 23, 2010, the Court conducted a hearing regarding Defendants' Motions to Disqualify Plaintiff Joseph Valdez as the Class Representative (Doc. #75, #79, #82), and Plaintiff and Defendants' Joint Motion Regarding Compliance with the Court's Order of April 12, 2010, (Doc. #86). Having considered the arguments of counsel presented on these fully briefed motions, and at the hearing conducted June 23, 2010, as well as the supplemental memoranda filed in connection therewith, (Doc. #107, #109, #110 and #111) the Court finds that the foregoing motions should be granted in part and denied in part.

Specifically, the Court finds Plaintiff Joseph Valdez would not qualify as an adequate Class Representative Plaintiff under Rule 23 of the Federal Rules of

1  Civil Procedure should such a class be constituted in the future.  Nevertheless,
2  Plaintiff Valdez' inadequacies as a potential Rule 23 Class Representative do not
3  disqualify him as an individual Plaintiff in this case, nor do they warrant dispensing
4  with the previous *NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT*
5  *UNDER THE FAIR LABOR STANDARDS ACT*.  The Fair Labor Standards Act is
6  silent on the issue of adequacy of a Plaintiff representative, and does not direct
7  court's to follow the dictates of Rule 23 with respect to class certification.  As a
8  result, although the Court concurs with counsel for Defendants that Plaintiff Joseph
9  Valdez would not qualify to serve as a Class Representative on behalf of a class
10 action certified pursuant to Rule 23, the Court finds his ineligibility to do so does not
11 preclude the issuance of the *NOTICE OF PENDENCY OF COLLECTIVE ACTION*
12 *LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT* as previously ordered.
13     Additionally, the Court finds it appropriate to clarify the previous Order of
14 this Court (Doc. #69) entered April 12, 2010, to provide that the *NOTICE* approved
15 by the Court shall extend to all installers working under Defendant Cox
16 subcontractors who are parties to this action, to wit: VIP Installs, Inc., Quality
17 Communications, Inc., and Sierra Communications Company.
18     **IT IS THEREFORE ORDERED that** Defendants' Motions to Disqualify
19 Plaintiff Joseph Valdez as the Class Representative (Doc. #75, #79, #82), and
20 Plaintiff and Defendants' Joint Motion Regarding Compliance with the Court's
21 Order of April 12, 2010, (Doc. #86) are GRANTED to the extent provided above.
22 ///
23 ///
24 ///
25 ///
26

**IT IS FURTHER ORDERED that** the Proposed *FORM OF NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT* (Doc. # 72) filed May 14, 2010, is hereby approved with the following amendments:

1. The *NOTICE* shall bear an official Court caption which shall identify the Plaintiff as "JOSEPH VALDEZ, individually" but shall not characterize Plaintiff Valdez as acting on behalf of all others similarly situated.

2. Defendants' VIP Installs, Inc., Quality Communications, Inc., and Sierra Communications, Co., shall furnish a list of names and addresses to counsel for Plaintiff who will then mail the *NOTICE* to the eligible installers.

3. The form of *NOTICE* shall be amended at page 3, paragraph three, to strike reference to Plaintiff Joseph Valdez as an agent on behalf of Plaintiffs and shall substitute therefor the designation of a "Representative Plaintiff to be approved by the Court." Similar language shall be substituted at page 4, for Plaintiff Joseph Valdez in the section relating to "Your Legal Representative If You Join."

DATED: June 30, 2010.

PHILIP M. PRO
United States District Judge