# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | 2:09-CV-01797-PMP-RJJ |
| vs. | **ORDER** |
| COX COMMUNICATIONS LAS VEGAS, INC., VIDEO INTERNET PHONE INSTALLS, INC., QUALITY COMMUNICATIONS, INC., SIERRA COMMUNICATIONS, CO., | |
| Defendants. | |

Before the Court for consideration is Defendants fully briefed Motion for Reconsideration of the Court's June 30, 2010 Order Regarding Plaintiff's Motion for Circulation of Notice of Pendency of the Action (Doc. #174). Having read and considered the foregoing and having further considered the arguments of counsel presented at the hearing conducted March 28, 2011, the Court finds that Defendants' Motion (Doc. #174) should be granted.

This action was commenced by Plaintiff Joseph Valdez on August 18, 2009, in the Eighth Judicial District Court, State of Nevada as a Class Action Complaint for violation of state and federal statutes. On September 10, 2009, Defendant Quality Communications, Inc., removed Plaintiff's action to this Court (Doc. #1).

Throughout these proceedings, Plaintiff Joseph Valdez is the only Plaintiff who has appeared in this action individually or as a putative class representative.

On June 30, 2010, this Court entered an Order (Doc. #112) granting Defendants' motion to disqualify Plaintiff Joseph Valdez as a Class Representative. In doing so, the Court noted that Plaintiff Valdez' inadequacy as a potential Rule 23 Class Representative did not disqualify him as an individual Plaintiff in this case, nor did it warrant dispensing with the *NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT*. As a result, the Court Ordered that Plaintiff's proposed *FORM OF NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT* was approved with certain amendments (Doc. #112). As of this date, however, the *NOTICE* has not issued as a result of the Interlocutory Appeal and other motions of the parties. By the instant Motion (Doc. #174), Defendants asked the Court to reconsider the June 30, 2010, Order (Doc. #112) and deny Plaintiff's Motion to Circulate Notice of Pendency of this Action. Defendants' motion is grounded in two arguments.

First, Defendant Quality contends that new information was discovered after June 23, 2010 revealing that no single individual, other than Plaintiff Valdez, has worked for Subcontractor Defendants Sierra, Quality or VIP. Quality argues this renders the Notice of a Collective Action futile, as it is impossible to produce a Class Representative who could prosecute this Collective Action.

Second, Defendants argue that this Court's Order of June 30, 2010, is clearly erroneous and/or manifestly unjust because the issuance of the *NOTICE* would conflict with Nevada Rule of Professional Conduct 7.3.

///

///

Plaintiff responds that there is no requirement that a single individual Plaintiff have common claims with every class member to maintain a Collective Action under the Fair Labor Standards Act.  Plaintiff further argues that the use of "Sub Classes" in FLSA cases is appropriate, and that the Court has discretion to proceed with multiple representative Plaintiffs who can adequately represent separate Sub Classes.  Conceding that there is no individual other than Plaintiff Joseph Valdez who is employed by all three Subcontractor Defendants, Plaintiff contends the circumstance is not fatal to maintenance of a Collective Action, and that if Defendant Cox is deemed to be a FLSA joint employer, the unitary "FLSA Class" for purposes of this action, might be all Cox installers which worked for any of the Subcontractor Defendants.

Plaintiff further argues that dispatching Notice of a Collective Action does not conflict with Nevada Rule of Professional Conduct 7.3, and if it did, no Notice of any kind should ever be dispatched under the FLSA because such Notice is akin to "improper solicitation for the purpose of pecuniary gain."

The Court finds that Defendants' Motion for Reconsideration is well founded and the relief requested should be granted.

First, this action could never have been filed as a Collective Action Complaint or Class Action Complaint without a named Plaintiff to whom a putative class could be similarly situated.  The Court determined in its June 30, 2010 Order (Doc. #112) that Plaintiff Joseph Valdez was disqualified to serve in that capacity. At the time of doing so, however, the Court assumed the existence of other putative Class Plaintiffs who could serve in a representative capacity.  None have appeared. The record before the Court further supports Defendants argument that is did not discover until after June 30, 2010, that no other individual other than Plaintiff Valdez

3

1  exists who worked for all three Subcontractor Defendants in this case.  It is thus clear
2  that no single viable Class Representative could maintain this collective action
3  against all three Subcontractor Defendants.  Plaintiff's proposal of multiple Plaintiff
4  Sub Classes is dependent upon the participation of eligible representative Plaintiffs
5  to perform that function as to each Subcontractor Defendant.   However, no eligible
6  Plaintiffs capable of serving in such a capacity have appeared as of this date.  This
7  brings the Court to consider Defendants argument that Notice of a Collective Action
8  under these particular circumstances would conflict with Nevada Rule of
9  Professional Conduct 7.3.
10         The Court rejects Plaintiff's contention that the logic of Defendants
11 argument would render any Notice of a Collective Action dispatched under FLSA
12 violative of Rule 7.3.  This is so because Notice of a Collective Action under FLSA
13 properly presumes that the extant Plaintiff bringing the action is qualified to serve as
14 a viable Class Representative.  That is virtually always the case, but it is not here.
15         Under the particular, and rather unique circumstances presented by this
16 case, the Court finds upon reconsideration that issuance of the *NOTICE* is
17 inappropriate as it would place Plaintiff's counsel in a position of violating Rule 7.3
18 of the Nevada Rules of Professional Conduct.  As a result, the Court finds that
19 enforcing its Order (Doc. #112) of June 30, 2010, to issue the *NOTICE OF*
20 *PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE FAIR LABOR*
21 *STANDARDS ACT* would be clearly erroneous.
22 ///
23 ///
24 ///
25 ///
26

**IT IS THEREFORE ORDERED that** Defendants Motion for Reconsideration of the Court's June 30, 2010 Order Regarding Plaintiff's Motion for Circulation of Notice of Pendency of the Action (Doc. #174) is **GRANTED**.

DATED: June 20, 2011.

_____
PHILIP M. PRO
United States District Judge