UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH VALDEZ, </br></br>    Plaintiff, </br></br>vs. </br></br>COX COMMUNICATIONS LAS VEGAS, INC., </br></br>    Defendant, | 2:09-cv-1797-PMP-RJJ </br></br> O R D E R |

This matter is before the court on the following motions:

1. Plaintiff's Motion to compel Production of Documents (#145);

2. Defendant Cox's Motion for Protective Order;

3. Plaintiff's Motion to Extend the Discovery Deadline (#158);

4. Defendant Cox's Motion for Protective Order (#164); and,

5. Defendant Cox's Motion for Protective Order (#168).

**BACKGROUND**

This is a Fair Labor Standards Act case. Plaintiff was employed by cable installers who were subcontracted by Cox Communications (Cox) to install cable and cable connectors. Plaintiff asserts that Defendant Cox is a joint employer along with the subcontractor defendants under the FLSA and is therefore liable under that act. The Court reopened discovery to allow Plaintiff an opportunity to discover information relevant to the issues raised in Plaintiff's Rule 56(f) Motion (#120). Order (#133).

# DISCUSSION

**1. Plaintiff's Motion to Compel the Production of Documents #145**

As a preliminary matter, Plaintiff failed to attach an affidavit or statement declaring that the parties complied with LR 26-7(b), the requirement to meet and confer. The parties communicated by letter, but written correspondence is insufficient to comply with the rule. *Shuffle Master Inc.v. Progressive Games Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996).

In the motion, Plaintiff seeks documents relevant to the relationship between Cox, its subcontractors, and the employees of its subcontractors in order to discover evidence as to whether Cox is a joint employer along with the subcontractors for purposes of the FLSA. Plaintiff seeks two groups of documents: one group from all the Defendants, and the other only from Cox.

From all Defendants, Plaintiff seeks: Electronic communications, complete contracts between Cox and the other Defendants, contact information of other installers who might testify as witnesses, complaints made by Cox to its subcontractors regarding installers or installations, and installation scheduling records. From Cox only, Plaintiff seeks: Cox's employee "Code of Excellence" and any cost analysis studies performed by Cox related to providing installation services. Plaintiff argues that all of these documents fall within the scope of discovery authorized by the Court in Order #133, because they are all relevant to whether Cox acted as a joint employer for FLSA purposes.

Whether an employer is a joint employer is a question of law to be decided by the Court. *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997). Plaintiff argues that the Court should apply the economic realities test to determine whether Cox was a joint employer. Factors to consider under this test include: the amount of control exercised by the alleged joint employer, whether the joint employer provided equipment or workspace, whether the subcontractor's business could shift to other contractors, whether the subcontractor's work is integral to the joint employer's business, whether Plaintiff's work was performed exclusively for the joint employer, and other relevant factors.

Here, Plaintiff asserts that all discovery sought is relevant to these factors and ultimately

1   to whether Cox was a joint employer for purposes of the FLSA.

2       Defendants' responses argue three main points: 1) Plaintiff's motion should be denied for
3   not complying with LR 26-7(b), the requirement to meet and confer; 2) Plaintiff's motion should
4   be denied because the documents sought have already been provided or do not exists; and 3)
5   Plaintiff's motion should be denied because it goes beyond the scope of the Court's Order
6   (#133).

7       Order (#133) reopened discovery to allow the Plaintiff to discover information on four
8   topics highlighted in Plaintiff's 56(f) Motion (#120).  These topics include:

9       1) Cox's actual control of installer hiring;

10      2) records that show installers typically work for successive Cox subcontractors;

11      3) information regarding the history of Cox's Las Vegas, NV subcontractors; and

12      4) records showing pre-hiring experience and skill levels of installers.  Plaintiff's 56(f) Motion (#120) at 2-4.

13      Defendants argue that Plaintiff should be limited to those topics and that the discovery
14  sought in Plaintiff's Motion to Compel (#145) is outside the limit granted by the Court.
15

16      Plaintiff cites to the Court's Order (#133) as authorizing "additional discovery relevant to
17  the issue of Cox Communications status as a joint employer for purposes of liability under the
18  FLSA." Order (#133) at 3.  However, Plaintiff ignores limiting language in the order that states:
19  "although ... Plaintiff's Motion for Additional Discovery under Rule 56(f) ... is procedurally
20  defective, the Court finds that Plaintiff has shown good cause to warrant limited additional
21  discovery as outlined in Plaintiff's Motion for Rule 56(f) discovery (Doc. #120)."

22      Therefore, it was the clear intention of the Court that additional discovery be limited by
23  Plaintiff's Motion (#120), which mentions only the four topics cited by Defendants.  Due to this
24  limitation, as well as the failure to comply with the meet and confer requirement, Plaintiff's
25  Motion (#145) should be **DENIED**.

26  **2. Defendant Cox's Motion For Protective Order on Portions of Plaintiff's 30(b)(6) Deposition Notices (#147)**

27      This motion is related to Plaintiff's Motion to Compel (#145).  Plaintiff seeks to take the
28  deposition of two Cox employees, 1) the person most knowledgeable about information on

- 3 -

1 persons issued a Cox authorized contractor badge; and 2) the person most knowledgeable about
2 the ICOMs[1] system utilized by Cox and the other defendants.

3   Plaintiff argues that he should be allowed to take deposition testimony on all topics
4 related to the joint employer issue, while Cox argues that the scope should be limited. The
5 argument again is decided by the scope of discovery re-opened by the Court in its Order (#133).
6 The order is clear that discovery should be limited to the additional discovery proposed in
7 Plaintiff's Motion (#120), the four topics listed above. Defendant's Motion should be
8 **GRANTED**.

9   **3. Plaintiff's Motion to Extend the Discovery Deadline (#158)**

10   Plaintiff brought this motion to request a sixty day extension of discovery. The motion
11 does not comply with LR 26-4 because it lacks a statement describing the discovery completed
12 and the discovery remaining, as well as any reason why the remaining discovery has not been
13 completed.

14   The crux of this motion also rests on the parties disparate interpretations of the Court's
15 Order (#133). Plaintiff now cites the limitation stated in the rationale of the order as "dicta" and
16 claims that the wide breadth of discovery he seeks is authorized by the decree clause of the order.
17 Cox claims that an extension should not be granted because the Plaintiff has already discovered
18 all known information related to the four topics authorized by the Court, because the information
19 does not exist, or because it has already been previously provided.

20   If the limitation in the Order (#133) is ignored, then good cause exists because
21 Defendants have apparently refused to cooperate in the broad discovery sought by Plaintiff.
22 However, interpreting the Order (#133) in its entirety, it is clear that discovery should be limited
23 by Plaintiff's Motion (#120). Therefore, because Plaintiff is not entitled to the discovery he
24 seeks, and his failure to comply with LR 26-4, there is no good cause to extend discovery and
25 Plaintiff's motion should be **DENIED**.

---

[1] The parties do not explain what ICOMs is, but it appears to be a billing or accounts management software application.

- 4 -

**4. Defendant, Cox's, Motion for Protective Order on Plaintiff's Notice of Videotaped Deposition of Cox's Contractor Database (#164)**

Plaintiff sent a notice of deposition to Cox seeking to take a videotaped deposition of Cox's contractor database. Plaintiff has already taken the deposition of the person most knowledgeable at Cox regarding the collection, storage, and use of the database.

Again, the basic issue in this argument is the scope of the Court's Order (#133). Cox argues not only that the information sought is outside the scope of allowable discovery, but it is not even relevant to whether Cox is a joint employer. Plaintiff disagrees.

The contractor database contains personal information about each Cox installer, including name; address; phone number; sex, tech number; hair color, eye color, height, weight, date of birth, employer, hire date by contractor, termination by contractor, badge number, drivers license number, Social Security number, photo, vehicle make, model, year, type, color, tag number, state registered and insurance company.

Plaintiff claims that Cox cannot be trusted to accurately represent what information is contained in the database and so it should be disclosed to see if it has any information related to Cox as a joint employer. Plaintiff claims the database may contain information such as "a blacklist of persons who [have] filed FLSA claims" and are now denied employment. Plaintiff also asserts that Cox would not expend the effort to protect the information in the database unless it contained damning information.

A database containing personal and professional information about Cox installers is not relevant to any of the topics outlined in Plaintiff's Motion (#120), nor is it relevant to whether Cox is a joint employer. Defendant's Motion for Protective Order (#164) should be **GRANTED**.

**5. Defendant, Cox's, Motion for Protective Order or to Stay Depositions (#168)**

Cox seeks a protective order from notices of depositions sent by Plaintiff five days before the discovery deadline seeking to take the depositions of: 1) a witness regarding Cox's Nevada Contractor's License; 2) a witness regarding all former employees of Cox "who were involved in the State of Nevada in approving and/or disapproving installer badges, reviewing and/or processing applications for installer badges, and/or communicated in any manner with

- 5 -

1  subcontractors as part of their job duties with Cox, and/or performed the duties of 'Installation
2  Support;'" and 3) a witness regarding the Cox installer database.
3      Cox argues that the information being sought is not relevant to whether Cox is a joint
4  employer or has already been provided.  Plaintiff argues that Cox has not put forth a good faith
5  effort to participate in discovery, and that all three depositions are relevant under the Court's
6  Order (#133).

7      <u>Cox's Nevada Contractor's License</u>
8      Plaintiff claims this information is relevant to whether Cox is a joint employer because
9  Cox's subcontractors have identical state issued licenses.  Plaintiff claims it is relevant to the
10  amount of control Cox has over subcontractors, and other factors relevant to whether Cox is a
11  joint employer.  This is a very tenuous argument, and was not included in the notice of
12  deposition.  Rather, Plaintiff sought information regarding: (1) the application and
13  possession of Cox's Nevada Contractor's License; (2) the purpose of Cox obtaining such a
14  license; (3) what activities by Cox require the possession of such license; and (4) the reason Cox
15  currently maintains the license. Response (#184) at 3 ll. 5-8.  Such information is not relevant to
16  whether Cox is a joint employer, nor is the fact that Cox maintains a Nevada Contractor's
17  license.

18      <u>Former Employees in Charge of Installation Support</u>
19      Plaintiff has already deposed three current Cox employees with the knowledge and
20  information sought, but now seeks to depose former Cox employees regarding the same
21  information because they would be "unbiased."  Such an inquiry is not relevant to whether Cox is
22  a joint employer.

23      <u>The Installer Database</u>
24      Cox claims that it already provided this information via the deposition of Cox employee,
25  Terry Paul.  Plaintiff asserts that Paul did not have the technical knowledge he now seeks to
26  obtain from Cox, such as the type of software used to maintain the database.
27      This information is not relevant to whether Cox is a joint employer under the FLSA.
28  Accordingly, Defendant's Motion (#168) should be **GRANTED**.

## CONCLUSION AND ORDER

All of the discovery motions revolve around the interpretation of the Court's Order (#133) and whether the re-opened discovery was limited to the four topics in Plaintiff's Motion (#120).

Reading the Order (#133) in its entirety, it is clear that discovery was intended to be limited to the four topics in Plaintiff's Motion (#120). Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel (#145) is **DENIED**.
2. Defendant's Motion for Protective Order (#147) is **GRANTED**.
3. Plaintiff's Motion to Extend Discovery Deadlines (#158) is **DENIED**.
4. Defendant's Motion for Protective Order (#164) is **GRANTED**.
5. Defendant's Motion for Protective Order (#168) is **GRANTED**

DATED this __31st__ day of August, 2011.

ROBERT J. JOHNSTON
United States Magistrate Judge