1    Malani L. Kotchka
      Nevada Bar No. 0283
2    mkotchka@lionelsawyer.com
      LIONEL SAWYER & COLLINS
3    1700 Bank of America Plaza
      300 South Fourth Street
4    Las Vegas, Nevada 89101
      (702) 383-8888 (Telephone)
5    (702) 383-8845 (Fax)

6    Attorneys for Defendant
      Quality Communications, Inc.

7

8

9

               UNITED STATES DISTRICT COURT

10

                  DISTRICT OF NEVADA

11

12    JOSEPH VALDEZ, individually,      )
                              )    Case No.  2:09-cv-01797-PMP-RJJ

13           Plaintiff,        )
                              )

14    v.                          )    OPPOSITION TO PLAINTIFF'S
                              )    MOTION TO VOID JUDGMENT

15    COX COMMUNICATIONS LAS      )    AGAINST DEFENDANT QUALITY
      VEGAS, INC., VIDEO INTERNET    )    COMMUNICATIONS, INC. OR

16    PHONE INSTALLS, INC., QUALITY   )    ALTERNATIVELY FOR SANCTIONS
      COMMUNICATIONS, INC., and      )    AND A TURNOVER OF FUNDS
      SIERRA COMMUNICATIONS, CO.,   )

17                               )               AND
            Defendants.       )

18                               )    MOTION TO ENFORCE RULE 68
                              )    JUDGMENT

19                               )
                              )               AND

20                               )    MOTION FOR SANCTIONS

21                               )    PURSUANT TO 28 U.S.C. § 1927

22

23          Defendant  Quality  Communications,  Inc.  ("Quality")  opposes  Valdez's

24    motion to void the Rule 68 judgment and motion for sanctions.  Quality also moves that this

25    Court enforce the Rule 68 judgment only if the Court rules that Valdez's claim against Cox

26    as an alleged joint employer for his individual claim against Quality has merged and become

27    part of the judgment against Quality resulting in no continued alleged liability for Cox (i.e.,

28

LIOneL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

with respect to any alleged damages claimed by Valdez including but not limited to, back wages, liquidated damages, attorney's fees and costs).  Pursuant to 28 U.S.C. § 1927, Quality moves this Court to award Quality sanctions against Leon Greenberg for multiplying the proceedings in this case unreasonably and vexatiously.  Quality requests that the Court order Greenberg personally to satisfy the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.  This opposition and these motions are based on the exhibits attached hereto and incorporated herein and the memorandum of points and authorities.

Respectfully submitted,

LIONEL SAWYER & COLLINS

By: Malani L. Kotchka
    Malani L. Kotchka
    1700 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada 89101

    Attorneys for Defendant
    Quality Communications, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTS

On September 29, 2011, Valdez accepted Quality's Second Offer of Judgment via a footnote.  Exhibit 1, Exhibit B, p. 2.  Valdez did not qualify his acceptance in any way. When Quality offered to prepare a check for Valdez for $10,000, Leon Greenberg wrote, "You can have the check for Valdez prepared but you should wait for the filing with the Court before having anything delivered."  Exhibit 2 (emphasis added).  Greenberg **never** filed anything in addition to the footnote with the Court and Quality decided to wait to pay

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

the $10,000 to Valdez until the Court had ruled on Valdez's attorney's fees and costs on his individual claim against Quality only as of September 20, 2011.  Neither of Valdez's counsel told Quality's counsel that there was any animosity building between Valdez and his counsel. In all of the e-mails attached to Valdez's motion to void the judgment, there is **no** request to pay Valdez's portion of the judgment immediately because of brewing animosity.  Rule 68 does not specify when the offered amount had to be paid and Quality believed it was reasonable to pay the $10,000 and the attorney's fees at the same time.

The Third Amended Judgment was entered October 14, 2011.  Doc 284.  On October 21, 2011, Christian Gabroy sent Quality's counsel a breakdown of the requested attorney's fees and costs.  Before Quality's counsel could even respond to the breakdown, Valdez filed a Notice of Appeal with the Ninth Circuit (Doc. 288) and three days later (October 31, 2011) a motion to void the judgment (Doc. 292).  Quality has not received the litigation peace it was promised by Valdez's acceptance of its Second Offer of Judgment ("Offer").

In the Offer, Quality had pointed out that this Court had ruled on June 30, 2010 and June 20, 2011, that there was no collective class, that Valdez was disqualified to serve as the class representative, that the Court had decertified the collective class, and that the Court had **severed** Valdez's individual claim against Quality from his individual claims against the other defendants.[1]  When Valdez accepted the Offer, he did **not** reserve any right to appeal and he did **not** reserve the right to argue that Cox as an alleged joint employer owed him anything more than the amount offered by Quality.  Quality did **not** admit liability

---

[1]On March 28, 2011, Greenberg orally argued that the Court should not sever Quality "because we don't know if Cox will remain a defendant on the joint employer issue." Despite Greenberg's argument, this Court granted Quality's motion to sever.  Doc. 230.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST
LAS VEGAS,
NEVADA 89101
(702) 383-8888

in its Offer and made clear that the Offer was made "in order to settle this matter." Exhibit 1, Exhibit A, p. 1. Since Valdez no longer had a personal stake in the outcome, the case was moot in regard to Quality and Quality cited <u>Smith v. T-Mobile USA, Inc.</u>, 570 F.3d 1119 (9th Cir. 2009). Exhibit 1, Exhibit C.

Before the parties could even attempt to resolve the issue of the attorney's fees and costs informally, Greenberg filed a Notice of Appeal on October 28, 2011.[2] Exhibit 3. Even though Valdez did not reserve the right to appeal as required by law in regard to Rule 68 offers of judgment, he appealed the Third Amended Judgment in a Civil Case and all prior orders in this case "except those portions of the June 30, 2010 and June 20, 2011 Orders disqualifying plaintiff JOSEPH VALDEZ as a Rule 23 and Fair Labor Standards Act class representative." Exhibit 3.

In his Docketing Statement, Valdez describes the action as, "Defendant made an offer of judgment which was accepted while plaintiff's motion for an Order substituting a class representative was pending." Exhibit 3, Civil Appeals Docketing Statement.[3] In his Mediation Questionnaire, Valdez alleged, "Plaintiff then moved for an order directing notice to the putative class members and allowing them to become substitute class representatives. While that motion was pending, defendant Quality Communications made an offer of judgment which was accepted by the plaintiff. The issues raised on appeal are whether the

---

[2]Greenberg also argued on March 28, 2011, that if Valdez settled his individual claim after others opted into the case, then those people would still be before the Court. Of course, no one has opted into this case and Valdez has settled his individual claim against Quality.

[3]Valdez failed to tell the Ninth Circuit that this issue had already been decided adversely against him in this Court's June 20, 2011 Order (Doc. 227). Moreover, Valdez had **not** filed a motion to substitute a class representative. He had filed a motion for disclosure of names and addresses and to send a notice. Doc. 238. This Court had previously denied this requested relief. Doc. 227.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

district court must allow the putative class claims to continue against defendant Quality Communications and provide a means for a substitute representative to come forward to prosecute such claims, <u>notwithstanding the final judgment's resolution of the plaintiff, Joseph Valdez's, individual claim against such defendant</u>." Exhibit 4 (emphasis added).[4]  On November 16, 2011, the Ninth Circuit held that proceedings before it would be held in abeyance pending the district court's resolution of the pending motion.  Exhibit 5.

## II.    OFFERS OF JUDGMENT

The courts are virtually unanimous in holding that when a party accepts an offer of judgment, if it does not qualify the acceptance by retaining the right to appeal, the right to appeal is lost.  In <u>Blair v. Shanahan</u>, 38 F.3d 1514 (9th Cir. 1994), the city made an offer of judgment which Blair accepted unconditionally.  <u>Id.</u> at 1517.  The offer was silent as to the city's right to appeal.  <u>Id.</u>  The district court denied the city's motion to modify or vacate the judgment and the Ninth Circuit affirmed.  <u>Id.</u> at 1518.  The Ninth Circuit held:

> The simple fact is, however, that the right to appeal was not a term of the agreement.   At most, the mistake or misunderstanding was in the parties' estimation of the future effect that the agreement would have on the right to appeal.  As a result, there is no compelling reason to apply the mutual mistake analysis to the appealability issue.   It was within the district court's discretion to reject the Rule 60(b) motion for this reason alone.  The consent judgment stands.

<u>Id.</u>  In <u>Blair</u>, the district court had previously granted a summary judgment.  Blair attempted to appeal the summary judgment.  The Ninth Circuit construed the consent agreement and said:

---

[4]This statement resolves the issue with Cox.  Greenberg cannot argue that there is anything left over from "the final judgment's resolution of the" individual claim against Quality.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

The offer of judgment resolves, for the sum of $4,000, <u>all of the claims for damages</u> that Blair may have had.  He could gain nothing by establishing that he was entitled to relief under the California Constitution.  Blair's counsel correctly stated just prior to the entry of the consent judgment, "[w]e do not believe that any appeal can be taken from an order that is procured with the consent of the parties.  We believe that this matter is, in fact, concluded."  Finally, we cannot reconcile Blair's strenuous argument to us that the consent judgment precludes the city's appeal from the declaratory judgment but not his appeal from the summary judgment on the state constitutional claims.  Both are precluded.

<u>Id.</u> at 1521 (emphasis added).

In <u>Mock v. T.G. & Y. Stores Co.</u>, 971 F.2d 522, 526 (10th Cir. 1992), the Tenth Circuit granted the motion to dismiss the appeals of the Mock Plaintiffs because <u>all of the prior rulings of the district court merged with the final consent judgment</u> and no appeal could be taken from a consent judgment entered without reservation of the right to make an appeal.  The same is true here.  All of this Court's prior rulings were merged with or are an integral part of the consent judgment such that they are subject to the general rule of non-appealability.  In <u>Mock</u>, the Tenth Circuit said:

The general rule is that interlocutory rulings merge into the final judgment of the court and become appealable only once a final judgment has been entered.  Accordingly, they became merged with the consent judgments….

While some courts have acknowledged that a party may appeal from a consent judgment where the party has expressly reserved the right to appeal, the consent judgment here contains no such reservation….Accordingly, we hold that plaintiffs Mock, Clymer and Dwayne Hope consented to entry of judgment in the entire case, including the claims which were the subject of the prior rulings plaintiffs now seek to appeal.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

_Id._ at 527. Here, there is no doubt that Greenberg is seeking to appeal the prior rulings of the Court which have merged into the consent judgment. *See* Exhibits 3 and 4. By law, he cannot appeal the prior rulings of this Court.

Valdez seeks to void the judgment he voluntarily accepted (Doc. 292). However, federal courts have held that there is no right to rescission in regard to Rule 68 offers. In Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998), the Seventh Circuit rejected application of the doctrine of rescission in the context of a Rule 68 "contract." The court held, "We believe there is an additional reason for district courts to refuse to consider challenges to the terms of a Rule 68 offer. Such challenges undermine the Rule's purpose of encouraging settlement and avoiding protracted litigation." _Id._ The court further said:

> Rule 68 operates automatically, requiring that the clerk "shall enter judgment" upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer....Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. "Entry of a Rule 68 judgment is ministerial rather than discretionary." _Id._ Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 "contract." Once acceptance has been properly filed, a judgment must be entered.

_Id._

Valdez cites **no authority** in his motion to void the judgment. In Webb, the court said, "A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law....Dick James does not allege that the district court lacked jurisdiction or that it acted without due process when it entered the judgment, and Rule 60(b)(4) is therefore inapplicable." _Id._ at 622. Here, there is no basis for

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

7

the Court to void the Rule 68 judgment. Clearly the Court had jurisdiction and complied with FRCP 68.

In Jackson v. Purdy Brothers Trucking Co., Inc., 2011 WL 4824198, at *5 (Tenn. Ct .App. Oct. 12, 2011), the Tennessee Court of Appeals held that Jackson agreed to forego a trial in exchange for a sum of money, thereby **releasing his claim** against Trucking Company. The court held that the judgment provided no indication that Jackson would be appealing "any of his particular claims." While Jackson could have reserved the right to appeal the summary judgment issue by rejecting the offer of judgment and submitting his own offer with the reservation of the right to appeal, he did not do so. Id. The court concluded, "With these considerations in mind, we conclude that the prior orders merged with the final order evidencing the Rule 68 offer of judgment and that Mr. Jackson's acceptance of that offer without reservation amounted to a waiver of the right to appeal the prior grant of partial summary judgment. Accordingly, we dismiss the appeal." Id. (Emphasis added.)

In Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006), the plaintiff had accepted an offer of judgment but then moved to set it aside arguing that she had received erroneous legal advice. The Ninth Circuit held that, "Rule 68 offers and acceptances, however, are actively supported by courts. Indeed, the very purpose of Rule 68 is to encourage the termination of litigation." Id. The Ninth Circuit affirmed that the district court did not abuse its discretion in denying Latshaw relief under Rule 60(b) from the judgment that resulted from her acceptance of the Rule 68 offer. Id. at 1104. Accord Taylor Brands, LLC v. GB II Corp., 627 F.3d 874, 878 (Fed. Cir. 2010) ("A party who consents to the substance of a judgment should indeed be presumed to have waived its right

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

to appeal – absent an express reservation of that right on the record – because voluntarily agreeing to an adverse substantive outcome is an indication that the party has abandoned its underlying claims or defenses."). Here, by acceptance of the Offer, Valdez abandoned his underlying claims. He has no right to appeal and no right to void the Judgment.

### III.   SATISFACTION OF CLAIMS AGAINST QUALITY

29 U.S.C. § 253(c) provides in regard to FLSA claims, "Any such compromise or waiver of, in the absence of fraud or duress, shall, according to the terms thereof, be a complete satisfaction of such cause of action and a complete bar to any action based on such cause of action." 29 U.S.C. § 253(e) defines the term compromise as including adjustments, settlements and releases. Valdez's acceptance of the Offer certainly qualifies as a settlement and a release. Thus, contrary to Valdez's arguments elsewhere, Valdez's acceptance of Quality's Offer is complete satisfaction of his claims against Quality and is a complete bar to any action which he wishes to maintain against Cox under an alleged joint employer theory.[5] Quality's Offer was made pursuant to FRCP 68 and NRS 17.115. In making this Offer, Quality said it relied on the Mackenzie, Vogel, Darboe, Symczyk and Ward decisions. Exhibit 1, Exhibit A, pp. 1, 2.

---

[5]Although Quality's counsel does not represent Cox and could not speak for Cox in Quality's Offer and although Valdez's action against Quality has been severed from Valdez's action against Cox, Quality was appalled by Valdez's contention in Doc. 279 (p. 3) that "[t]here is nothing in the record suggesting, much less establishing, that Quality's accepted offer of judgment fully compensates" Valdez for all of his FLSA damages. Valdez relied on Mackenzie in making this statement, the same case Quality relied on in its Offer. Exhibit 1, Exhibit A, p. 2. The Mackenzie court said the case was moot because of the offer. Moreover, in Exhibit 4, Valdez admitted that the final judgment resolves his individual claim against Quality. Exhibit 4. There is nothing left over in regard to Quality for Valdez to pursue against Cox.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

In <u>Vogel v. American Kiosk Management</u>, 371 F.Supp.2d 122, 128 (D. Conn. 2005), the court said, "Thus, the general application of Rule 68 Offers of Judgment applies such that settlement of a plaintiff's claims moots an action....Furthermore, if the offer of judgment sufficiently covers all damages claimed by named plaintiff, plus costs and attorney's fees, it may moot the plaintiff's action even if the plaintiff/offeree declines to accept the offer." <u>Id.</u> at 128. Here, Valdez's individual claim against Quality was severed from his claims against the other defendants on June 20, 2011. He accepted the Offer which resolved his entire individual claim against Quality. Valdez's action against Quality is moot. There is nothing left for him to pursue against Cox in regard to Quality.

In <u>Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc.</u>, 485 F.Supp.2d 221, 224 (E.D.N.Y. 2007), the court said:

> In this case, there is no question that the Rule 68 offer made to Plaintiff exceeds any actual damages claimed. The case has been pending for more than a year. No class has been certified and Plaintiff has not identified a single individual who seeks to become a part of the action. Under these circumstances, the Rule 68 offer of full damages renders [sic] deprives the Plaintiff of his personal stake in the litigation and renders it moot. Accordingly, the case must be dismissed.

Valdez has never claimed any damages in excess of the Offer.

In <u>Mackenzie v. Kindred Hospitals East, LLC</u>, 276 F.Supp.2d 1211, 1216-17 (M.D. Fla. 2003), the court said:

> Since no consents have been filed by anyone opting into this case, there is no other individual for the plaintiff or his lawyer to represent. Absent representation, there is no basis for finding that some duty exists on the part of the plaintiff or his lawyer toward individuals that will not be bound in any way by the outcome of this lawsuit.
>
> ...Thus to the extent that there is an obligation to look out for potential claimants, the Act places that obligation upon the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

> Secretary.  There is no justification for imposing, in addition, a duty upon a plaintiff or his lawyer to protect the interests of individuals who will not be bound by the plaintiff's lawsuit.

The Mackenzie court concluded that the offer rendered the case moot and **doomed** the plaintiff's request for names and addresses of potential plaintiffs.  Id. at 1221.

In Symczyk v. Genesis Healthcare Corp., 2011 U.S. App. LEXIS 18114, at *36 (3rd Cir. Aug. 31, 2011), the Third Circuit held, "If, however, the court finds Smyczyk's motion to certify would be untimely or otherwise denies the motion on its merits, then defendants' Rule 68 offer to Smyczyk – in full satisfaction of her individual claim – would moot the action."  Here, the Court has denied Valdez's motion to certify on its merits, has granted Quality's motion to decertify the class on its merits, has severed Valdez's claim against Quality and as a result, Quality's Rule 68 Offer to Valdez in full satisfaction of his individual claim moots this action.

In Chao v. A-One Medical Services, Inc., 346 F.3d 908, 920 (9th Cir. 2003), the Ninth Circuit found that in 2000, several employees of A-One and Alternative had left their employment with those corporations and accepted positions with competitors.  A-One believed that its former employees were soliciting its patients and so it brought a lawsuit in small claims court to enforce the non-compete agreements it had with the former employees.  Millard counterclaimed for breach of her employment agreement, harassment and unpaid overtime.  The court dismissed the counterclaim.  Id.  The Ninth Circuit held that under res judicata, a final judgment on the merits of an action precluded the parties or their privy from relitigating issues that were or could have been raised in that action.  Since the Secretary of Labor was in privy with Millard, the Ninth Circuit concluded that res judicata barred the Secretary's overtime claims on behalf of Millard.  Id. at 923.  Here, by virtue of the Judgment

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

11

1   against Quality, Valdez is precluded by the doctrine of res judicata from pursuing a judgment

2   against Cox for his claim against Quality. As an alleged joint employer, Cox would be in

3   privy with Quality for the purposes of res judicata.

4

5         Before the Court on November 22, 2011, Valdez argued that Cox had joint and

6   several liability with Quality for Valdez's claim against Quality and because Quality had not

7   referred to Cox in the Offer, Cox had some remaining liability. Valdez is wrong. As a

8   matter of law, so long as Quality pays the Offer, Cox as an alleged joint employer has no

9   conceivable liability. In Weil v. Vescovi, 2007 WL 1128967, at *2 (M.D. Fla. 2007), Weil

10  and Vescovi reached a settlement involving an FLSA claim and indicated that the settlement

11  was intended to be a global settlement of all of Weil's claims against Vescovi and his various

12  businesses. The Magistrate Judge found, "Because joint and several liability is available

13  against all employers under the FLSA, Weil could obtain his entire FLSA recovery,

14  including attorney's fees and costs, from Mark Vescovi. However, under the settlement,

15  Weil has recovered from Arthur Vescovi all of the overtime compensation owed, all of the

16  liquidated damages due, and some of the attorney's fees owed. Therefore, to avoid

17  duplicative recovery, it is appropriate to limit Weil's recovery against Mark Vescovi to the

18  remainder of attorney's fees and costs incurred by Weil in prosecuting his FLSA claim." Id.

19  So long as Quality pays the offered amount, there is nothing left for Valdez to seek from Cox

20  on a theory of joint and several liability. He is not entitled to a duplicative recovery.

21  Therefore, Quality seeks an order from this Court that so long as Quality pays the offered

22  amount, Cox is entitled to summary judgment in regard to Valdez's claim against Quality.

23

24        Quality requests that this Court enforce the Rule 68 Judgment only if the Court

25  determines that Cox has no liability for Valdez's individual claim against Quality. With the

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

12

exception of the pending motion for attorney's fees and costs, Quality requests that the Court order Valdez to stop all litigation against Quality and against Cox in regard to Valdez's claims against Quality.  Quality (and Cox as its privy) is entitled to peace from the ongoing litigation by virtue of its Offer and the subsequent Judgment.

IV.   SANCTIONS

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

On June 20, 2011, this Court held:

> First, this action could never have been filed as a Collective Action Complaint or Class Action Complaint without a named Plaintiff to whom a putative class could be similarly situated. The Court determined in its June 30, 2010 Order (Doc. #112) that Plaintiff Joseph Valdez was disqualified to serve in that capacity.  At the time of doing so, however, the court assumed the existence of other putative Class Plaintiffs who could serve in a representative capacity.  None have appeared.  The record before the Court further supports Defendants' argument that is [sic] did not discover until after June 30, 2010, that no other individual other than plaintiff Valdez exists who worked for all three Subcontractor Defendants in this case.  It is thus clear that no single viable Class Representative could maintain this collective action against all three Subcontractor Defendants.

Doc 227, pp. 3-4.  The Court went on and found that upon reconsideration, issuance of a notice was inappropriate as it would place Valdez's counsel in a position of violating Rule 7.3 of the Nevada Rules of Professional Conduct.  The Court ordered that no notice should issue. Doc. 227, pp. 4-5.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

13

In addition, on June 20, 2011, the Court found that because individual determinations would be necessary to resolve the overtime pay claims of potential plaintiffs, "a collective action is inappropriate." Doc. 230, p. 2. The Court granted Quality's motion to decertify the collective class and sever claims. Id. Despite these June 20, 2011 orders, **seven days later**, on June 27, 2011, Greenberg filed a duplicative motion for an order directing disclosure of names and addresses of class members and requested that a notice be sent. Doc. 238. Filing such a motion (Doc. 238) and arguing to void a Judgment which he voluntarily accepted (Doc. 292) certainly have multiplied "the proceedings" in this case "unreasonably and vexatiously." Leon Greenberg should be ordered to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred by Quality because of such conduct.

In Davey v. Dolan, 496 F.Supp.2d 387, 389 (S.D.N.Y. 2007), the plaintiff filed a motion for reconsideration and like Greenberg, he argued the very same issues considered by the court in its prior opinion. The court imposed sanctions pursuant to 28 U.S.C. § 1927 and directed the defendants to submit affidavits setting forth their expenses within 20 days of the order which defendants did. Id. at 389-90. Quality requests that this Court sanction Leon Greenberg and provide it with a reasonable period of time to submit an affidavit setting forth its costs, expenses and attorney's fees incurred because of Greenberg's multiplication of these proceedings. In Edgerly v. City and County of San Francisco, 2005 WL 235710, at *3 (N.D. Cal. Feb. 1, 2005), the court awarded sanctions because the plaintiffs merely rehashed previously raised arguments and presented no new evidence or legal basis in its motion for reconsideration. The court said, "As described above, plaintiff's motions for reconsideration needlessly increased the cost of litigation for both sides and unreasonably multiplied the

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

14

proceedings." Id.  The court granted the motion for sanctions pursuant to 28 U.S.C. § 1927 and granted Schiff's attorneys time to file a declaration describing the amount of attorney's fees and costs incurred in responding to the plaintiff's motion for reconsideration and filing their motion for sanctions.  Id.

In The Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006), the Seventh Circuit said, "We have explained that a court has discretion to impose § 1927 sanctions when an attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice,' … pursued a claim that is 'without a plausible legal or factual basis and lacking in justification,' id.; or 'pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" The Seventh Circuit held that the district court could properly take into account all of Rovell's conduct in the case and calibrate sanctions accordingly.  Id.  The Seventh Circuit affirmed the district court's award of sanctions.  Here, Valdez has knowingly or recklessly raised frivolous arguments or argued meritorious claims for the purpose of harassing an opponent.  Seven days after losing on the issue of sending notice to a proposed class, Greenberg filed the very same motion again (citing the same authority) for the purpose of harassing Quality and the other defendants.  After accepting an Offer of Judgment, Valdez simultaneously appealed the Judgment and moved to void the Judgment.  Clearly, Greenberg has acted with subjective bad faith and with an intent to harass.

In Zevgolis v. Greenberg Law Firm, 2011 WL 1827878 at *4-6 (E.D. Va. May 12, 2011), Zevgolis obtained a Rule 68 Judgment and Greenberg filed a motion to dismiss even though he had made the offer of judgment.  The court held that Greenberg's motion to dismiss had "caused unnecessary delay and expense."  Id. at *5.  Although Zevgolis waived

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

her right to fees pursuant to § 1927, the court awarded Zevgolis the attorneys fees and costs she incurred after she had accepted the offer pursuant to another federal statute. Here, Quality respectfully requests that the Court grant its motion for sanctions pursuant to 28 U.S.C. § 1927 and allow Quality an opportunity to file an affidavit showing the excess costs, expenses and attorney's fees reasonably incurred because of Greenberg's sanctionable conduct in unreasonably and vexatiously multiplying the proceedings in this case.

V.    CONCLUSION

The purpose of making a Rule 68 offer of judgment is to terminate the litigation and buy both parties peace from litigation. Despite the fact that he did not reserve the right to appeal when he accepted the offer, Valdez and his counsel Leon Greenberg filed a Notice of Appeal. On October 31, 2011, Valdez filed a motion to void the judgment and cited no authority in his motion. Such a motion is clearly frivolous and designed to do nothing more than harass Quality. Quality respectfully requests that this Court enforce the consent judgment **only if** the Court rules that Cox has no liability for Valdez's individual claim against Quality because Valdez has received full compensation for alleged damages, including but not limited to, back wages, liquidated damages, attorney's fees and costs. Quality requests that this Court: (1) bar Valdez from any further proceedings against Quality (and Cox) except for proceedings in regard to the motion for attorney's fees and costs: (2) hold that Cox is entitled to summary judgment in regard to Valdez's claim against Quality; and (3) deny Valdez any sanctions and awarding sanctions against Leon Greenberg for unreasonably and vexatiously multiplying these proceedings. If the Court declines to bar Valdez from any further proceedings against Quality and Cox in regard to Valdez's claim

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

against Quality, then Quality respectfully requests that the Court vacate the consent Judgment and in essence place the parties back where they were prior to the Offer.

Respectfully submitted,

LIONEL SAWYER & COLLINS

By:  /s/ Malani L. Kotchka
Malani L. Kotchka
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendant
Quality Communications, Inc.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

17

# EXHIBIT 1

# EXHIBIT 1

1   Malani L. Kotchka
    Nevada Bar No. 0283
2   mkotchka@lionelsawyer.com
    LIONEL SAWYER & COLLINS
3   1700 Bank of America Plaza
    300 South Fourth Street
4   Las Vegas, Nevada 89101
    (702) 383-8888 (Telephone)
5   (702) 383-8845 (Fax)

6   Attorneys for Defendant
    Quality Communications, Inc.

7

8

9                       UNITED STATES DISTRICT COURT

10                            DISTRICT OF NEVADA

11  JOSEPH VALDEZ, individually,          )
                                          )   Case No.  2:09-cv-01797-PMP-RJJ
12                  Plaintiff,            )
                                          )
13                                        )
    v.                                    )
14                                        )
    COX   COMMUNICATIONS   LAS            )
15  VEGAS,  INC.,  VIDEO  INTERNET        )
    PHONE  INSTALLS,  INC.,  QUALITY      )
16  COMMUNICATIONS,   INC.,   and         )   NOTICE OF QUALITY
    SIERRA COMMUNICATIONS, CO.,           )   COMMUNICATIONS, INC.'S SECOND
17                                        )   OFFER OF JUDGMENT AND VALDEZ'S
                    Defendants.           )   ACCEPTANCE
18                                        )
                                          )
19  _____        )

20          Pursuant to FRCP 68(a), Defendant Quality Communications, Inc. hereby files

21  its Second Offer of Judgment, attached as Exhibit A, and Valdez's written acceptance set

22  forth in Doc. 269, page 2, footnote 1, attached as Exhibit B.  Valdez's acceptance of Quality

23  Communications, Inc.'s Second Offer of Judgment resolves all issues against Quality

24  Communications, Inc.   Since Valdez no longer has a personal stake in the outcome,

25

26

27

28
LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1   this case is moot in regard to Quality Communications, Inc. <u>Smith v. T-Mobile USA, Inc.</u>,

2   570 F.3d 1119 (9th Cir. 2009), Exhibit C.

3

4                                            Respectfully submitted,

5                                            LIONEL SAWYER & COLLINS

6

7                      By:  *Malani L. Kotchka*

8                                Malani L. Kotchka
                                  1700 Bank of America Plaza

9                                300 South Fourth Street
                                  Las Vegas, Nevada 89101

10                                Attorneys for Defendant
                                  Quality Communications, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

# EXHIBIT A

# EXHIBIT A

1   Malani L. Kotchka
    Nevada Bar No. 0283
2   mkotchka@lionelsawyer.com
    LIONEL SAWYER & COLLINS
3   1700 Bank of America Plaza
    300 South Fourth Street
4   Las Vegas, Nevada 89101
    (702) 383-8888 (Telephone)
5   (702) 383-8845 (Fax)

6   Attorneys for Defendant
    Quality Communications, Inc.

7

8

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11  JOSEPH VALDEZ, individually,     )
                            )  Case No.  2:09-cv-01797-PMP-RJJ
12          Plaintiff,     )
                            )
13                         )
    v.                       )
14                         )
    COX   COMMUNICATIONS   LAS  )
15  VEGAS,  INC.,  VIDEO  INTERNET  )
    PHONE  INSTALLS,  INC.,  QUALITY  )
16  COMMUNICATIONS,    INC.,  and  )  QUALITY COMMUNICATIONS, INC.'S
    SIERRA COMMUNICATIONS, CO.,    )  SECOND OFFER OF JUDGMENT
17                          )
          Defendants.    )
18                            )
                            )
19  _____)

20          Although Defendant Quality Communications, Inc. believes it has previously

21  paid plaintiff Joseph Valdez the correct amount of overtime, in order to settle this matter, it

22  offers to allow judgment to be taken against it by the plaintiff Joseph Valdez on his

23  individual claim pursuant to FRCP 68 and NRS 17.115 in the amount of Five Thousand

24  Dollars ($5,000.00) for unpaid overtime, plus Five Thousand Dollars ($5,000.00) for

25  liquidated damages, plus costs and reasonable attorney's fees accrued on his individual claim

26

27  only against Quality Communications, Inc. only as of September 20, 2011, to be determined

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

by the Court. The calculation of the alleged unpaid overtime is based on an assumption that

Valdez started working each day of his employment at 7:00 a.m.

On June 30, 2010, the Court held that Valdez was disqualified to serve as a

Class Representative to whom a putative class could be similarly situated. On June 20, 2011,

the Court held there was no collective class and Valdez's motion to circulate a notice of

pendency of the action was denied. The Court also decertified the collective class and

severed Valdez's individual claim against Quality from his individual claims against the

other defendants. On June 20, 2011, the Court said, "After more than 18 months of

litigation, Plaintiff has not identified a viable Plaintiff capable of acting as Class

Representative in a class action or a collective action against the Subcontractor Defendants."

These were all decisions on the merits. Quality relies on Mackenzie v. Kindred Hospitals,

East, 276 F.Supp.2d 1211 (M.D. Fla. 2003); Vogel v. American Kiosk Management, 371

F.Supp.2d 122 (D. Conn. 2005); Darboe v. Goodwill Industries, 485 F.Supp.2d 221

(E.D.N.Y. 2007); Symczyk v. Genesis Healthcare Corp., 2011 U.S. App. LEXIS 18114 (3rd

Cir. August 31, 2011); and Ward v. Bank of New York, 455 F.Supp.2d 262 (S.D.N.Y. 2006).

Respectfully submitted,

LIONEL SAWYER & COLLINS

By: _Malani L. Kotchka_

Malani L. Kotchka
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendant
Quality Communications, Inc.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

## RECEIPT OF COPY

Receipt of a copy of the foregoing QUALITY COMMUNICATIONS, INC.'S

SECOND OFFER OF JUDGMENT is acknowledged this 21st day of September, 2011.

LEON GREENBERG

By: _____

Leon Greenberg
633 South Fourth Street, #4
Las Vegas, Nevada 89101

Attorneys for Plaintiff

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

# EXHIBIT B

# EXHIBIT B

Case 2:09-cv-01797-PMP -RJJ   Document 309   Filed 12/05/11   Page 26 of 51
Case 2:09-cv-01797-PMP -RJJ   Document 272   Filed 09/30/11   Page 8 of 14
Case 2:09-cv-01797-PMP -RJJ   Document 269   Filed 09/29/11   Page 2 of 4

1   rests upon the following incorrect assumptions:

2   •   **Contrary to Defendants' Assertions, Class Claims**
3       **Remain in this Case Despite Valdez's Inability**
        **To Serve as a Class Representative**

4       The purpose of the plaintiff's motion is to have the Court

5   institute a process whereby a substitute class representative can be

6   located and the class certification issue decided.  That process

7   requires communication to the putative class members advising them

8   of their opportunity to seek appointment as a class representative.

9   Both *Pitts* and *Symczyk* require district courts to consider the

10  certification of class and FLSA collective action claims when the

11  putative class representative no longer possesses an individual

12  claim.  There is no basis to distinguish their holdings from the

13  situation in this case, where Valdez still possesses an individual

14  claim against certain defendants[1] but has been otherwise

15  disqualified, at the urging of the defendants, from serving as the

16  class representative.  Rather than explain why such a distinction

17  exists, the defendants, erroneously, insist class certification was

18  denied in this case "on the merits."  No such "merits" determination

19  has been made on the class certification issue.  The Court initially

20  granted conditional FLSA "notice" certification and subsequently

21  rescinded such notice certification and held Valdez's personal

22  history prohibited him from serving as a class or FLSA collective

23  action representative in any capacity.  The Court never ventured a

24  decision on whether class certification, with a competent

25  _____

26      [1] Defendant Quality has tendered an offer of judgment to
    plaintiff Valdez which is being accepted contemporaneously with the
27  filing of this reply.  Accordingly, in respect to defendant Quality,
    Valdez is in the exact same position as the plaintiffs in *Pitts* and
28  *Symczyk*.

                        -2-

# EXHIBIT C

# EXHIBIT C

Westlaw.

570 F.3d 1119, 158 Lab.Cas. P 35,590, 14 Wage & Hour Cas.2d (BNA) 1729, 09 Cal. Daily Op. Serv. 7365, 2009
Daily Journal D.A.R. 8568
**(Cite as: 570 F.3d 1119)**

▷

United States Court of Appeals,
Ninth Circuit.
Mentha SMITH and Justin Gossett, on behalf of
themselves and all others similarly situated, Plain-
tiffs-Appellants,
v.
T-MOBILE USA INC.; Powertel Inc., Defend-
ants-Appellees.

No. 08-55535.
Submitted May 4, 2009.[FN*]

FN* The panel unanimously finds this case
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

Filed June 15, 2009.

**Background:** Former employees of national provider
of wireless voice messaging and data services filed
complaint for violations of Fair Labor Standards Act
(FLSA) and California statutes, alleging that employer
had policy and practice of violating federal and state
wage and hour laws by failing to pay employees for
hours worked and by failing to pay overtime. De-
fendants moved for reconsideration of order granting
plaintiffs' motion for conditional certification of
FLSA collective action. The United States District
Court for the Central District of California, Audrey B.
Collins, Chief Judge, 2007 WL 2385131, granted
defendants' motion. Before appeal was taken, named
plaintiffs voluntarily settled their FLSA claims.

**Holding:** The Court of Appeals, Silverman, Circuit
Judge, held that named plaintiffs no longer had per-
sonal stake in the outcome, and case was moot.

Appeal dismissed.

West Headnotes

**[1] Federal Courts 170B ☞776**

170B Federal Courts

170BVIII Courts of Appeals
170BVIII(K) Scope, Standards, and Extent
170BVIII(K)1 In General
170Bk776 k. Trial De Novo. Most Cited
Cases

Court of Appeals reviews de novo whether case is
moot and whether plaintiffs have standing.

**[2] Federal Courts 170B ☞12.1**

170B Federal Courts
170BI Jurisdiction and Powers in General
170BI(A) In General
170Bk12 Case or Controversy Requirement
170Bk12.1 k. In General. Most Cited
Cases

"Case or controversy" requirement of Article III
restricts federal court jurisdiction to disputes capable
of judicial resolution; case becomes "moot," and in-
capable of judicial resolution, when issues presented
are no longer live or parties lack a legally cognizable
interest in the outcome. U.S.C.A. Const. Art. 3, § 2, cl.
1.

**[3] Federal Courts 170B ☞723.1**

170B Federal Courts
170BVIII Courts of Appeals
170BVIII(I) Dismissal, Withdrawal or Aban-
donment
170Bk723 Want of Actual Controversy
170Bk723.1 k. In General. Most Cited
Cases

Generally, when party settles all of his personal
claims before appeal, the appellate court must dismiss
appeal as moot unless that party retains personal stake
in case that satisfies requirements of Article III.
U.S.C.A. Const. Art. 3, § 2, cl. 1.

**[4] Federal Courts 170B ☞544**

170B Federal Courts
170BVIII Courts of Appeals

Case 2:09-cv-01797-PMP -RJJ   Document 309   Filed 12/05/11   Page 29 of 51
Case 2:09-cv-01797-PMP -RJJ   Document 272   Filed 09/30/11   Page 11 of 14

Page 2

570 F.3d 1119, 158 Lab.Cas. P 35,590, 14 Wage & Hour Cas.2d (BNA) 1729, 09 Cal. Daily Op. Serv. 7365, 2009 Daily Journal D.A.R. 8568
**(Cite as: 570 F.3d 1119)**

170BVIII(B) Appellate Jurisdiction and Procedure in General
    170Bk543 Right of Review
        170Bk544 k. Particular Persons. Most Cited Cases

FLSA plaintiff who voluntarily settles his individual claims prior to being joined by opt-in plaintiffs and after district court's certification denial does not retain personal stake in appeal so as to preserve appellate jurisdiction. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

**[5] Labor and Employment 231H** ☞2374

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2373 Actions on Behalf of Others in General
                    231Hk2374 k. In General. Most Cited Cases

Plaintiff seeking FLSA collective action certification does not have procedural right to represent class in the absence of any opt-in plaintiffs. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

**[6] Labor and Employment 231H** ☞2374

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2373 Actions on Behalf of Others in General
                    231Hk2374 k. In General. Most Cited Cases

Because named plaintiffs in FLSA overtime action did not have the right, following denial of their motion for conditional certification, to represent class, they were not acting in capacity of class representatives at time of voluntary settlement of their FLSA claims; thus, their acceptance of employer's offer of judgment when no other plaintiffs had opted in disposed of the only claims they could assert at the time.

Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

**[7] Labor and Employment 231H** ☞2361

231H Labor and Employment
    231HXIII Wages and Hours
        231HXIII(B) Minimum Wages and Overtime Pay
            231HXIII(B)6 Actions
                231Hk2361 k. In General. Most Cited Cases

Attorney fees did not provide named plaintiffs in FLSA overtime action, in which certification was sought but no other plaintiffs had opted in, with personal stake required for case or controversy, where as part of voluntary settlement plaintiffs' attorneys had agreed to accept $10,000 as full satisfaction of any claim they had to attorney fees and costs of litigation in connection with individual claims. U.S.C.A. Const. Art. 3, § 2, cl. 1; Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b).

**\*1120 Gwen Freeman**, Knapp, Petersen & Clark, Glendale, CA, for the plaintiffs-appellants.

**James Severson**, Bingham McCutchen, LLP, San Francisco, CA, for the defendants-appellees.

Appeal from the United States District Court for the Central District of California, Audrey B. Collins, District Judge, Presiding. D.C. No. 2:05-cv-05274-ABC-SS.

Before: CYNTHIA HOLCOMB HALL, ANDREW J. KLEINFELD and BARRY G. SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:
Appellants Mentha Smith and Justin Gossett-the only named plaintiffs in this case-voluntarily settled their Fair Labor Standards Act claims before this appeal was taken. We hold today that such plaintiffs no longer have a personal stake in the outcome. This case is thus rendered moot. Accordingly, we dismiss this appeal for lack of jurisdiction.

**I. Background**
Smith and Gossett (mother and son) are former

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-01797-PMP -RJJ   Document 309   Filed 12/05/11   Page 30 of 51
Case 2:09-cv-01797-PMP -RJJ   Document 272   Filed 09/30/11   Page 12 of 14

Page 3

570 F.3d 1119, 158 Lab.Cas. P 35,590, 14 Wage & Hour Cas.2d (BNA) 1729, 09 Cal. Daily Op. Serv. 7365, 2009 Daily Journal D.A.R. 8568
**(Cite as: 570 F.3d 1119)**

hourly employees of **T-Mobile** USA, Inc. who worked as sales representatives in California. They brought an action in the district court against **T-Mobile** under the FLSA, California Labor Code § 200 et seq., and California Business and Professions Code § 17200 et seq. They alleged that **T-Mobile** willfully failed to pay its hourly employees for all the hours they worked, forcing employees to work "off the clock" and denying pay for hours worked during breaks. **Smith** and **Gossett** sought to represent a class of approximately 25,000 former and current **T-Mobile** employees in a FLSA collective action.[FN1]

> FN1. The FLSA states, in relevant part, that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Employers who violate § 207 are "liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 216(b) also provides the mechanism for collective actions:
>
> > An action to recover the liability prescribed ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.
>
> 29 U.S.C. § 216(b).

**\*1121** On October 26, 2005, **Smith** and **Gossett** filed a motion for conditional certification of the collective action or, alternatively, tolling of the statute of limitations. They proposed to certify a class of "[a]ll hourly employees and former employees of **T-Mobile** nationwide who worked at **T-Mobile** at any time for the period from three years predating the filing of th[e] complaint to the present." The district court denied the

motion for conditional certification without prejudice, but tolled the statute of limitations until discovery was complete and the court could rule on a second motion for conditional certification. The court allowed the parties to conduct discovery in anticipation of the second motion.

Discovery was protracted and contentious. Both plaintiffs and defendants filed motions to compel, which were granted in part. Approximately one year and four months after the district court denied their first motion for conditional certification, plaintiffs filed their second motion. At that point, no other employees had opted in with viable claims; the sole optin plaintiff was an acquaintance of plaintiffs, Earvin Chavez, whose claim was legally barred by a previous settlement.

The district court initially granted the motion for conditional certification. However, it reversed its decision after **T-Mobile** filed a motion for reconsideration. Plaintiffs filed a motion for reconsideration, which the district court denied.

Following that ruling, **Smith** and **Gossett** voluntarily accepted an offer of judgment from **T-Mobile** and settled their claims.[FN2] A stipulated judgment set out the amounts **T-Mobile** agreed to pay to plaintiffs as "full, complete, and final satisfaction of all [their] individual claims as stated in this action." The parties agreed that Chavez was not entitled to any payment since all the claims he could have asserted were fully satisfied in connection with the settlement of a prior lawsuit. **T-Mobile** also agreed to pay plaintiffs' counsel $10,000 as "full, complete and final satisfaction of any claim they or their clients may have for attorneys' fees and/or costs of litigation in connection with the individual claims asserted by their clients."

> FN2. We use the term "voluntarily" here to contrast a situation where a defendant purposefully makes an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure and tenders the full amount of a named plaintiff's personal claims before the plaintiff can move for certification, as in Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 917-19 (5th Cir.2008).

Before reaching settlement, the parties represented to the district court that they discussed whether

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-01797-PMP -RJJ   Document 309   Filed 12/05/11   Page 31 of 51
Case 2:09-cv-01797-PMP -RJJ   Document 272   Filed 09/30/11   Page 13 of 14

Page 4

570 F.3d 1119, 158 Lab.Cas. P 35,590, 14 Wage & Hour Cas.2d (BNA) 1729, 09 Cal. Daily Op. Serv. 7365, 2009 Daily Journal D.A.R. 8568
**(Cite as: 570 F.3d 1119)**

there existed a mechanism by which plaintiffs' individual claims could be settled while still preserving their ability to appeal the ruling denying FLSA certification. They eventually signed a stipulated judgment that stated:

> At Plaintiffs' request, ... Plaintiffs' acceptance of this Offer shall be expressly subject to Plaintiffs['] ... reservation of rights (a) to take an appeal, as contemplated in *Dugas v. Trans Union Corp.*, 99 F.3d 724 (5th Cir.1996), and the cases cited therein, of the Court's earlier Order denying their motion for conditional certification of this action as a collective action under the Federal Fair Labor Standards Act ("FLSA"), and (b) in the event such an appeal is pursued, is successful and the case is remanded to this Court for further proceedings, to continue to prosecute the case in accordance with the order of remand, with the understanding, however, that their individual claims have been fully and finally *1122 compromised, settled and dismissed, and that these claims may not be reinstated or reopened, and that no further claims of any kind may be asserted on their individual behalf. In accepting this Offer, Plaintiffs and their counsel acknowledge that they have relied solely on their own legal analysis and not on any representation by Defendants or their counsel regarding the legal effect of this Offer and/or their standing to appeal.

The district court entered judgment in accordance with the parties' stipulations. Plaintiffs timely filed a notice of appeal.

## II. Discussion

[1] We review de novo whether a case is moot and whether plaintiffs have standing. *Council of Ins. Agents & Brokers v. Molasky-Arman,* 522 F.3d 925, 930 (9th Cir.2008); *see also Sable Commc'ns of Cal., Inc. v. FCC,* 827 F.2d 640, 642 (9th Cir.1987) ("The question of whether a particular case presents an Article III case or controversy is ... reviewed de novo.").

[2][3] The case or controversy requirement of Article III restricts federal court jurisdiction to "disputes capable of judicial resolution." *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). A case becomes moot, and incapable of judicial resolution, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Pow-*

*ell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Generally, when a party settles all of his personal claims before appeal, an appeals court must dismiss the appeal as moot unless that party retains a personal stake in the case that satisfies the requirements of Article III. *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 333-34, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Potter v. Norwest Mortgage, Inc.,* 329 F.3d 608, 611 (8th Cir.2003).

[4] We need not decide whether a Rule 23 class action plaintiff who settles his individual claims can preclude mootness by affirmatively preserving his claim to appeal in the settlement agreement and then asserting a procedural right to represent a class. *Compare, e.g., Richards v. Delta Air Lines, Inc.,* 453 F.3d 525, 528-29 (D.C.Cir.2006) (finding reservation sufficient to preclude mootness) *with, e.g., Potter,* 329 F.3d at 613-14 (finding reservation insufficient to preclude mootness); *cf. Seidman v. City of Beverly Hills,* 785 F.2d 1447, 1448 (9th Cir.1986) (also declining to address this issue). We do not decide this issue because here, structural distinctions between a FLSA collective action and a Rule 23 class action foreclose appellants' claims of a continuing personal stake. Accordingly, we join our sister circuits in holding that a FLSA plaintiff who voluntarily settles his individual claims prior to being joined by opt-in plaintiffs and after the district court's certification denial does not retain a personal stake in the appeal so as to preserve our jurisdiction. *See Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 915-19 (5th Cir.2008); *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1247-49 (11th Cir.2003).

[5] A plaintiff seeking FLSA collective action certification does not have a procedural right to represent a class in the absence of any opt-in plaintiffs. Section 216(b) of the FLSA, the collective action provision, provides that no employee other than the plaintiff "shall be a party plaintiff to [a FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Thus, while the existence of a Rule 23 class action "does not depend in theory on the participation of other class members," who can either opt in or opt out, a FLSA case cannot become a collective action unless other plaintiffs affirmatively opt in by *1123 giving written and filed consent. *Cameron-Grant,* 347 F.3d at 1248-49. A FLSA plaintiff therefore has no independent right to

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-01797-PMP -RJJ   Document 309   Filed 12/05/11   Page 32 of 51
Case 2:09-cv-01797-PMP -RJJ   Document 272   Filed 09/30/11   Page 14 of 14

Page 5

570 F.3d 1119, 158 Lab.Cas. P 35,590, 14 Wage & Hour Cas.2d (BNA) 1729, 09 Cal. Daily Op. Serv. 7365, 2009 Daily Journal D.A.R. 8568
**(Cite as: 570 F.3d 1119)**

represent a class that would preserve a personal stake in the outcome for jurisdictional purposes; his right to represent a class depends entirely on whether other plaintiffs have opted in. This key difference between a Rule 23 opt-out class action and a FLSA opt-in collective action cannot be overlooked for purposes of determining our jurisdiction to entertain this appeal.

[6] Because plaintiffs did not have a right to represent a class, they were not acting in the capacity of class representatives at the time of settlement as they now claim. *Compare Dugas v. Trans Union Corp.,* 99 F.3d 724, 726-29 (5th Cir.1996). Thus, **Smith** and Gossett's acceptance of T-Mobile's offer of judgment when no other plaintiffs had opted in disposed of the only claims they could assert at the time. *See Sandoz,* 553 F.3d at 919 ("This means that when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims.").

[7] For the same reasons, **Smith** and Gossett's argument that they continue to retain a personal stake in the recovery of attorneys' fees and costs relative to the class claims, the "class share" of any liquidated or punitive damages, and the enhancement to which a class representative is entitled if the claims ultimately prevail also fails. Plaintiffs' attorneys agreed to accept $10,000 as full satisfaction of any claim they had to attorneys' fees and costs of litigation in connection with the individual claims. At the time they settled, plaintiffs could only assert individual claims because they had no right to represent a class, as to reiterate, they were the only plaintiffs in the case. Attorneys' fees therefore do not provide the plaintiffs with the personal stake required for a case or controversy. Any enhancement a district court may order for plaintiffs' service as class representatives also does not create a personal interest in the case, as any enhancement awarded would relate only to costs of litigation brought about by the class litigation itself. [FN3] They similarly had no right to liquidated and punitive damages that a district court *might* award *if* other plaintiffs opted in.

> FN3. We do not express an opinion as to the availability of any enhancement to a class representative in a FLSA collective action. Plaintiffs cite cases awarding enhancements pursuant to Rule 23 actions only, and § 216(b) does not mention the availability of

any enhancement award.

Because the plaintiffs voluntarily settled all of their claims after the district court's denial of certification, they have failed to retain a personal stake in the litigation and their case is moot. Accordingly, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

C.A.9 (Cal.),2009.
Smith v. T-Mobile USA Inc.
570 F.3d 1119, 158 Lab.Cas. P 35,590, 14 Wage & Hour Cas.2d (BNA) 1729, 09 Cal. Daily Op. Serv. 7365, 2009 Daily Journal D.A.R. 8568

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT 2

# EXHIBIT 2

**Malani Kotchka**

| | |
|---|---|
| **From:** | leon greenberg <wagelaw@hotmail.com> |
| **Sent:** | Friday, September 30, 2011 2:42 PM |
| **To:** | Malani Kotchka |
| **Cc:** | Christian Gabroy |
| **Subject:** | Re: Valdez v. Quality Communications, Inc. |

You are correct and I hope to file the acceptance with the Court today or Monday.  You can have the check for Valdez prepared but you should wait for the filing with the Court before having anything delivered.   As regards the fee/costs issue we will prepare something for your client's consideration, you will hear from Christian in more detail as to our thoughts about resolving that.  It would be in everyone's interest to reach an agreement on that issue and not have to involve the Court over the same.


On 9/30/2011 2:20 PM, Malani Kotchka wrote:
Leon: I see in your brief which you filed today that you accepted our offer of judgment. We will prepare a check for Valdez for $10,000. Please send me a breakdown and itemization of your fees and costs on Valdez's individual claim against Quality only.  Maybe we can come to an agreement on them. If not, we can petition Judge Pro to make a decision about them. Malani

Malani L. Kotchka
LIONEL SAWYER & COLLINS
300 South Fourth Street, #1700
Las Vegas, NV  89101
Phone:  (702) 383-8892 - direct
Fax:  (702) 383-8845
E-mail:  mkotchka@lionelsawyer.com

```
This e-mail message is a confidential communication from the law
firm of Lionel Sawyer & Collins and is intended only for the named
recipient(s) above and may contain information that is a trade
secret, proprietary, privileged or attorney work product. If you have
received this message in error, or are not the named or intended
recipient(s), please immediately notify the sender at 702-383-8888
and delete this e-mail message and any attachments from your
workstation or network mail system.
```


```
--
Leon Greenberg
Attorney at Law
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146
(702) 383-6085
Member Nevada, California, New York,
New Jersey and Pennsylvania Bars
Website: overtimelaw.com
```

# EXHIBIT 3

# EXHIBIT 3

1   Leon Greenberg, NSB 8094
    A Professional Corporation
2   2965 South Jones Boulevard #E-4
    Las Vegas, Nevada 89146
3   Telephone (702) 383-6085
    Fax (702) 385-1827
4   leongreenberg@overtimelaw.com

5   CHRISTIAN GABROY, ESQ. NSB 8805
    Gabroy Law Offices
6   170 S. Green Valley Parkway - Suite 280
    Henderson, Nevada   89012
7   Telephone (702) 259-7777
    (702) 259-7704 (fax)
8   Attorney for Plaintiffs

9                        UNITED STATES DISTRICT COURT
                              DISTRICT OF NEVADA
10
    ---------------------------X
11  JOSEPH VALDEZ, individually      )    Case No.:09-civ 1797-PMP/RJJ
    and on behalf of all others      )
12  similarly situated,              )
                                     )
13                   Plaintiff,      )
    v.                               )        NOTICE OF APPEAL
14                                   )
    COX COMMUNICATIONS LAS VEGAS,    )
15  INC., VIDEO INTERNET PHONE       )
    INSTALLS, INC., QUALITY          )
16  COMMUNICATIONS, INC., SIERRA     )
    COMMUNICATIONS, CO., and         )
17  PARADIGM COMMUNICATIONS, INC.,   )
                                     )
18              Defendants.          )
                                     )
19  ---------------------------X)

20       Notice is hereby given that plaintiff, JOSEPH VALDEZ,

21  individually and on behalf of others similarly situated, hereby

22  appeals to the United States Court of Appeals for the Ninth Circuit

23  from the final Judgment entered in this action on September 30,

24  2011 and the amended Judgments entered thereafter on October 7,

25  2011, October 12, 2011, and October 14, 2011 against defendant,

26  Quality Communications, Inc., and all prior orders in this case,

27  except those portions of the June 30, 2010 and June 20, 2011 Orders

28  disqualifying plaintiff JOSEPH VALDEZ as a Rule 23 and Fair Labor

                                    1

Standards Act class representative.


Dated: Clark County, Nevada
       October 28, 2011


                        Yours, etc.,

                            /s/ *Leon Greenberg*
                        _____
                        Leon Greenberg, Esq.
                        LEON GREENBERG PROFESSIONAL CORPORATION
                        Attorney for the Plaintiff
                        2965 South Jones Boulevard - Suite E4
                        Las Vegas, Nevada 89146
                        (702) 383-6085
                        leongreenberg@overtimelaw.com

2

Form 6. Civil Appeals Docketing Statement

| USCA DOCKET # (IF KNOWN) |

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

**TITLE IN FULL:**

JOSEPH VALDEZ, individually and on behalf of all others similarly situated

V.

COX COMMUNICATIONS LAS VEGAS, INC., VIDEO INTERNET PHONE INSTALLS, INC., QUALITY COMMUNICATIONS, INC., SIERRA COMMUNICATIONS, CO., and PARADIGM COMMUNICATIONS, INC.

**DISTRICT:** NEVADA    **JUDGE:**

**DISTRICT COURT NUMBER:** 09-civ 1797-PMP/RJJ

**DATE NOTICE OF APPEAL FILED:** 10/28/10

**IS THIS A CROSS-APPEAL?**  ☐ YES

**IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY):**

**BRIEF DESCRIPTION OF ACTION AND RESULT BELOW:**

Putative class action for unpaid overtime wages under state law and federal law.  Action appealed is severed action against defendant Quality Communications only. Plaintiff was previously disqualified as a class representative.  Defendant made an offer of judgment which was accepted while plaintiff's motion for an Order substituting a class representative was pending ⊞

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**

The case is not subject to preemption under 29 USC 301

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

Plaintiff has a motion pending in the district court to allow notice to class members and substitution of a class representative.  If that motion is granted as requested this appeal may be rendered moot.

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**

☐ **Possibility of settlement**

☐ **Likelihood that intervening precedent will control outcome of appeal**

☐ **Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (specify)**

☒ **Any other information relevant to the inclusion of this case in the Mediation Program**

No settlement of this case is possible as the issues presented by appeal involve class action treatment of this litigation and defendant will not settle this case on a class basis. It should not be subject to mediation.

☐ **Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges.**

Effective 7/1/2000

## LOWER COURT INFORMATION

Page 2 of 2

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT / ORDER APPEALED | RELIEF |

**FEDERAL**

☒ FEDERAL QUESTION

☐ DIVERSITY

☐ OTHER (SPECIFY)

**APPELLATE**

☒ FINAL DECISION OF DISTRICT COURT

☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT

☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):

☐ OTHER (SPECIFY):

**TYPE OF JUDGMENT / ORDER APPEALED**

☐ DEFAULT JUDGMENT
☐ DISMISSAL / JURISDICTION
☐ DISMISSAL / MERITS
☐ SUMMARY JUDGMENT
☐ JUDGMENT / COURT DECISION
☐ JUDGMENT / JURY VERDICT
☐ DECLARATORY JUDGMENT
☐ JUDGMENT AS A MATTER OF LAW
☒ OTHER (SPECIFY):
Consent Judgment

**RELIEF**

☒ DAMAGES:
SOUGHT $ not known
AWARDED $_____
☐ INJUNCTIONS:
   ☐ PRELIMINARY
   ☐ PERMANENT
   ☐ GRANTED
   ☐ DENIED

☒ ATTORNEY FEES:
SOUGHT $_____
AWARDED $_____
   ☒ PENDING

☒ COSTS: $ Not known

## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**

1. COPIES OF ORDER / JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED ( SEE 9TH CIR. RULE 3-2
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

/s/ Leon Greenberg
Signature

10/28/2011
Date

## COUNSEL WHO COMPLETED THIS FORM

NAME: LEON GREENBERG

FIRM: **LEON GREENBERG PROFESSIONAL CORPORATION**

ADDRESS: 2965 SOUTH JONES BOULEVARD - SUITE E4, LAS VEGAS, NV  89146

E-MAIL: leongreenberg@overtimelaw.com

TELEPHONE: 702-383-6085

FAX: **702-385-1827**

* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL*
* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS*

✎AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Nevada _____

| | |
|---|---|
| Valdez, | **SECOND AMENDED** |
| Plaintiff, | **JUDGMENT IN A CIVIL CASE** |
| V. | |
| Cox Communications Las Vegas, Inc. et al., | Case Number:  2:09-cv-01797-PMP -RJJ |
| Defendant. | |

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and  a decision has been rendered.

☒ **Notice of Acceptance with Offer of Judgment.**  A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

Joseph Valdez shall recover from Quality Communications, Inc. judgment in the amount of $5,000 for unpaid overtime, plus $5,000 for liquidated damages, plus costs and reasonable attorneys fees.

| | |
|---|---|
| October 12, 2011 | /s/ Lance S. Wilson |
| Date | Clerk |
| | /s/ Summer Rivera |
| | (By) Deputy Clerk |

AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Nevada

| | |
|---|---|
| Joseph Valdez, | **THIRD AMENDED** |
| Plaintiff, | **JUDGMENT IN A CIVIL CASE** |
| V. | |
| Cox Communications Las Vegas, Inc., et al., | Case Number:  2:09-cv-01797-PMP -RJJ |
| Defendants. | |

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and  a decision has been rendered.

☒ **Notice of Acceptance with Offer of Judgment.**  A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

Joseph Valdez shall recover from Quality Communications, Inc. judgment in the amount of $5,000 for unpaid overtime, plus $5,000 for liquidated damages, plus costs and reasonable attorneys fees accrued on his individual claim only against Quality Communications, Inc. only as of September 20, 2011, to be determined by the Court.

| | |
|---|---|
| October 14, 2011 | /s/ Lance S. Wilson |
| Date | Clerk |
| | /s/ Aaron Blazevich |
| | (By) Deputy Clerk |

AO450 (Rev. 5/85)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Nevada _____

| | |
|---|---|
| Valdez, | **AMENDED** |
| | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | |
| V. | |
| Cox Communications Las Vegas, Inc. et al., | Case Number:  2:09-cv-01797-PMP -RJJ |
| Defendant. | |

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and  a decision has been rendered.

☒ **Notice of Acceptance with Offer of Judgment.**  A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

Joseph Valdez shall recover from Quality Communications, Inc. judgment in the amount of $5,000 for unpaid overtime and $5,000 for liquidated damages.

| | |
|---|---|
| October 7, 2011 | /s/ Lance S. Wilson |
| Date | Clerk |
| | /s/ Summer Rivera |
| | (By) Deputy Clerk |

✎AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Nevada _____

|  |  |
|---|---|
| Plaintiff, | **JUDGMENT IN A CIVIL CASE** |
| V. |  |
| Cox Communications Las Vegas, Inc. et al | Case Number:  2:09-cv-01797-PMP -RJJ |
| Defendants. |  |

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and  a decision has been rendered.

☒ **Notice of Acceptance with Offer of Judgment.**  A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

Joseph Valdez  shall recover from Quality Communications, Inc. judgment in the amount of $5,000, inclusive of all costs and attorneys fees.

| September 30, 2011 | /s/ Lance S. Wilson |
|---|---|
| Date | Clerk |
|  | /s/ Summer Rivera |
|  | (By) Deputy Clerk |

SERVICE LIST

ATTORNEYS FOR APPELLANT/PLAINTIFF

Leon Greenberg, NSB 8094
A Professional Corporation
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146
Telephone (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com

CHRISTIAN GABROY, ESQ.
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson, Nevada   89012
Telephone (702) 259-7777
(702) 259-7704 (fax)
christian@gabroy.com

ATTORNEYS FOR APPELLEE/DEFENDANT
QUALITY COMMUNICATIONS

LIONEL SAWYER & COLLINS
300 S. 4th Street - Ste. 1700
Las Vegas, NV 89101
Attention: Malani L. Kotchka,
Laura J. Thalacker
Telephone (702) 383-8888
Fax (702) 383-8845

# EXHIBIT 4

# EXHIBIT 4

Case: 11-17610   10/31/2011   ID: 7947586   DktEntry: 1-2   Page: 1 of 2

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office

Phone (415) 355-7900 Fax (415) 355-8566

http://www.ca9.uscourts.gov/mediation

## MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 11-17610 |
| District Court/Agency Case Number(s): | 09-civ-1797-PMP-RJJ |
| District Court/Agency Location: | DISTRICT OF NEVADA |
| Case Name: | JOSEPH VALDEZ   v.   COX COMMUNICATIONS, ET AL. |
| If District Court, docket entry number(s) of order(s) appealed from: | 281, 284, 276, 273 |
| Name of party/parties submitting this form: | JOSEPH VALDEZ |

**Please briefly describe the dispute that gave rise to this lawsuit.**

Putative class action for unpaid overtime wages under state law and federal law, the Fair Labor Standards Act, 29 U.S.C. Sec. 201-218.

**Briefly describe the result below and the main issues on appeal.**

Action appealed is severed action against defendant Quality Communications only. Plaintiff was previously disqualified as a class representative prior to making any motion to certify a state law class under FRCP Rule 23. The district court had conditionally certified a notice only Fair Labor Standards Act "opt in" class but later reversed that ruling based upon its finding that plaintiff was not a suitable class representative. Plaintiff then moved for an order directing notice to the putative class members and allowing them to become substitute class representatives. While that motion was pending, defendant Quality Communications made an offer of judgment which was accepted by the plaintiff. The issues raised on appeal are whether the district court must allow the putative class claims to continue against defendant Quality Communications and provide a means for a substitute representative to come forward to prosecute such claims, notwithstanding the final judgment's full resolution of the plaintiff, Joseph Valdez's, individual claim against such defendant.

*(Please continue to next page)*

Case 2:09-cv-01797-PMP -RJJ Document 309 Filed 12/05/11 Page 47 of 51
Case: 11-1761( 11/03/2011 ID: 7954165 DktEntr 1 Page: 2 of 3

Case: 11-17610 10/31/2011 ID: 7947586 DktEntry: 1-2 Page: 2 of 2

Describe any proceedings remaining below or any related proceedings in other tribunals.

Plaintiff has a motion pending in the district court to allow notice to class members and substitution of a class
representative. If that motion is granted as requested this appeal may be rendered moot.
Plaintiff has a motion to sever and remand to state court his state law class action claims. If that motion is granted
as requested this appeal will, in part, be rendered moot.
Plaintiff has a motion pending before the district court to void the judgment because defendant Quality
Communications has not abided by its terms. If the judgment is voided this appeal will be rendered moot.
Plaintiff will be filing a motion for an award of attorney's fees in connection with the offer of judgment.

Provide any other thoughts you would like to bring to the attention of the mediator.

This case should not be subject to mediation. The issue presented is a pure issue of law: Whether the putative
class claims in this case can survive the individual plaintiff's acceptance of an offer of judgment under the
circumstances presented. Defendant Quality Communications's position is that they do not. Because the only
issues that are likely to remain to be litigated are the aforesaid potential class claims, and defendant Quality
Communications has no interest in settling any class claims because it believes such claims are no longer present
in this litigation, mediation would not be productive.

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at
ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your
message. Additional information might include interest in including this case in the mediation program,
the case's settlement history, issues beyond the litigation that the parties might address in a settlement
context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached
(see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list
may result in sanctions, including dismissal of the appeal.

Signature | /s/ Leon Greenberg

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for | Appellant Joseph Valdez

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are
granted an exemption from using the system. **File this document electronically** in Appellate ECF by
choosing Forms/Notices/Disclosure > File a Mediation Questionnaire.

SERVICE LIST

ATTORNEYS FOR APPELLANT/PLAINTIFF

Leon Greenberg, NSB 8094
A Professional Corporation
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146
Telephone (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com

CHRISTIAN GABROY, ESQ.
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson, Nevada   89012
Telephone (702) 259-7777
(702) 259-7704 (fax)
christian@gabroy.com

ATTORNEYS FOR APPELLEE/DEFENDANT
QUALITY COMMUNICATIONS

LIONEL SAWYER & COLLINS
300 S. 4th Street - Ste. 1700
Las Vegas, NV 89101
Attention: Malani L. Kotchka,
Laura J. Thalacker
Telephone (702) 383-8888
Fax (702) 383-8845

# EXHIBIT 5

# EXHIBIT 5

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2011

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated, | No. 11-17610 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01797-PMP District of Nevada, Las Vegas |
| v. | |
| COX COMMUNICATIONS LAS VEGAS, INC.; et al., | ORDER |
| Defendants, | |
| and | |
| QUALITY COMMUNICATIONS, INC., | |
| Defendant - Appellee. | |

The court's records reflect that the notice of appeal was filed during the pendency of a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4). The notice of appeal is therefore ineffective until entry of the order disposing of the last such motion outstanding. *See* Fed. R. App. P. 4(a)(4). Accordingly, proceedings in this court shall be held in abeyance pending the district court's resolution of the pending motion. *See Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994).

AT/MOATT

Within 5 days after the district court's ruling on the pending motion, appellant shall notify this court in writing of the ruling and shall advise whether appellant intends to prosecute this appeal.

To appeal the district court's ruling on the post-judgment motion, appellant must file an amended notice of appeal within the time prescribed by Federal Rule of Appellate Procedure 4.

The Clerk shall serve this order on the district court.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT


By: Allison K. Taylor
Motions Attorney/Deputy Clerk
9th Cir. R. 27-7
General Orders/Appendix A