1  Leon Greenberg, NSB 8094
   Leon Greenberg Professional Corporation
2  2965 South Jones Blvd- Suite E4
   Las Vegas, Nevada 89146
3  Telephone (702) 383-6085
   Fax (702) 385-1827
4  leongreenberg@overtimelaw.com

5  Attorneys for Plaintiffs

6                  **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
7
   ------------------------------X
8  JOSEPH VALDEZ, individually  )    **Case No.:09-cv-1797-PMP/RJJ**
   and on behalf of all others  )
9  similarly situated,          )    **PLAINTIFF'S MOTION TO FILE A**
                                )    **SUPPLEMENT IN OPPOSITION TO**
10              Plaintiff,      )    **DEFENDANT COX'S SECOND MOTION**
                                )    **FOR SUMMARY JUDGMENT**
11 v.                           )
                                )
12 COX COMMUNICATIONS LAS VEGAS, )
   INC., VIDEO INTERNET PHONE   )
13 INSTALLS, INC., QUALITY      )
   COMMUNICATIONS, INC., SIERRA )
14 COMMUNICATIONS, CO., and     )
   PARADIGM COMMUNICATIONS, INC.,)
15                              )
            Defendants.         )
16 ------------------------------X

17

18      Plaintiff hereby submits this Motion to File a Supplement

19 consisting of the following:

20

21      Declaration of David Dent, attached hereto as Exhibit "A."

22

23            REASON WHY THIS MOTION SHOULD BE GRANTED

24

25      As part of plaintiff's Opposition to Cox Communications,

26 Inc.'s Second Motion for Summary Judgment (Doc. No. 204) plaintiff

27 provided, at Ex. "H," an article published in a Las Vegas

28 newspaper, CityLife, which reported that defendant Cox

                                1

1   Communications was refusing to allow its subcontractors to employ
2   cable service installers who filed FLSA violation complaints
3   against Cox subcontractors with the United States Department of
4   Labor.  Specifically, the article stated defendant Cox
5   Communications had designated David Dent as a "no hire" by its
6   subcontractors because of his filing of a complaint with the United
7   States Department of Labor against MC Communications for failing to
8   pay FLSA required overtime wages.  MC Communications is still a
9   current subcontractor of Cox.

10      The annexed declaration of David Dent, Exhibit "A,"
11  corroborates what was reported in the City Life article.  David
12  Dent also advises that he was denied employment with a Cox
13  subcontractor on two additional occasions subsequent to the City
14  Life article.  On both of those occasions Cox refused to issue a
15  "Cox Badge" to David Dent, meaning he could not work for a Cox
16  subcontractor as a Cox installer.  Cox took such actions despite
17  David Dent's exemplary character and outstanding record as an
18  installer for MC Communications.

19      It is submitted the circumstances documented by David Dent
20  establishes the existence of a disputed issue of material fact that
21  requires a denial of Cox's motion for summary judgment: Whether Cox
22  has acted to blacklist, and deny employment by the co-defendants in
23  this case, to persons, such as David Dent, who file FLSA violation
24  complaints with the United States Department of Labor.  The
25  exercise of such power by Cox over the hiring of personnel by its
26  subcontractors, especially for the purpose of retaliating against
27  persons, such as David Dent, who file FLSA complaints, would

28

establish that Cox is an FLSA joint employer, as alleged by the plaintiff in this case.

## **CONCLUSION**

For the foregoing reasons plaintiff's motion to file a supplement should be granted.

Dated: Clark County, Nevada
       December 9, 2011


                    Yours, etc.,

                    /s/ *Leon Greenberg*
                    _____
                    Leon Greenberg, Esq.
                    LEON GREENBERG PROFESSIONAL CORPORATION
                    Attorney for the Plaintiff
                    2965 South Jones Blvd- Suite E4
                    Las Vegas, Nevada 89146
                    (703) 383-6085
                    Nevada Bar Number: 8094

# EXHIBIT "A"

Leon Greenberg, NSB 8094
A Professional Corporation
2965 South Jones Boulevard - Suite E4
Las Vegas, Nevada 89146
Telephone (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com

CHRISTIAN GABROY, ESQ. NSB 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson, Nevada   89012
Telephone (702) 259-7777
(702) 259-7704 (fax)

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

-----------------------------X

| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS LAS VEGAS, INC., VIP INSTALLS, INC., QUALITY COMMUNICATIONS, INC., SIERRA COMMUNICATIONS, CO., and PARADIGM COMMUNICATIONS, INC.,<br><br>Defendants. | Case No.:08-civ 1797-PMP/RJJ<br><br>DECLARATION OF DAVID DENT |

-----------------------------X

DECLARATION OF DAVID DENT

David Dent hereby affirms, under penalty of perjury, that:

1.   I am a former employee of MC Communications, Inc.   I started my employment with that company in approximately June of 2001 and I terminated my employment with that company in approximately October of 2003.   During that time period I worked as

1

1  a cable television and internet service installer.  The only work I
2  performed when employed by MC Communications was doing such
3  installations for Cox Communications in Las Vegas, Nevada.  When I
4  worked for MC Communications all of the work performed by that
5  company was for Cox Communications.

6      2.   Shortly after I left my employment with MC Communications,
7  I believe it was within a few weeks, I filed a complaint with the
8  United States Department of Labor for overtime pay.  MC
9  Communications had not paid overtime to myself and its many other
10 installers performing work for Cox Communications.  Ultimately that
11 complaint resulted in the United States Department of Labor having
12 MC Communications issue payments to its other installers and I for
13 unpaid overtime.

14     3.   After I filed my complaint with the United States
15 Department of Labor, I believe it was in early 2004, I applied for
16 a job performing cable installations for Pratt Communications,
17 another Cox Communications installation subcontractor in Las Vegas,
18 Nevada.  I was hired for that job and worked for about two days and
19 then was told by the office manager, or the manager responsible for
20 hiring at Pratt Communications, that I could not continue to work
21 for them.  That manager told me I was being fired because Cox
22 Communications had decided it would not allow me to be issued a
23 "Cox Badge" that is required for all Cox Communication
24 subcontractor installers.  I remember that manager telling me that
25 "Alan" of Cox Communications had communicated to him Cox
26 Communication's decision to deny me a Cox Badge.  This incident is
27 discussed in a City Life newspaper article from May 20, 2004, which
28

2

1   is attached to this declaration.  I have read that article and the

2   facts stated in it are, to my knowledge, correct.

3       4.    Subsequent to my experience that I discuss in paragraph 3

4   regarding my work for Pratt Communications in 2004, I applied,

5   twice, to work for Pratt Communications as a Cox Communications

6   installer.  I made both such applications in 2006.  One application I

7   was in San Diego, California.  In response to that application I

8   was denied any job and was told simply that Cox Communications

9   would not approve me for issuance of the required Cox Badge.  The

10  other application was in Las Vegas, Nevada, where I was hired and

11  allowed to work for about two days.  I was then told that Cox

12  Communications would not approve me for a Cox Badge and my

13  employment was then terminated.

14      5.    The only Cox Communications installation subcontractor I

15  ever worked for was MC Communications, except for the few days I

16  worked for Pratt Communications.  During the time I worked for MC

17  Communications I had a very good record and never received any

18  complaints about the quality of my work or my treatment of

19  customers.  I have never been convicted of any crime.  Since 1995 I

20  have also served continuously as either a full time or reserve

21  enlisted service member in the United States Army or Air Force.  I

22  am currently a corporal and since approximately 2005 my job in the

23  armed services has been as a military policeman.  As part of that

24  job I must maintain, and have maintained, a "secret" level of

25  security clearance which means I cannot be involved with any

26  illegal activities or drug use.

27      6.    If requested to, I would testify as to the foregoing and

28

3

1 | I have read the foregoing and affirm that the same is true and
2 | correct.
3 |
4 |
5 | Dated: Affirmed this 9th day of December, 2011
6 |
7 |
8 | _____
9 | DAVID DENT
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

4



WWW.LVCITYLIFE.COM

# The big payback: Local company settles wages dispute with current and former employees

**BY IAN MYLCHREEST**

MC Communications, Inc., a Las Vegas cable television installation contractor, has paid $141,495 in back wages to 181 employees to settle a U.S. Department of Labor complaint that the company miscalculated overtime wages earned by workers. The settlement ends an investigation begun last year, when two workers complained that they had been paid per job and not hourly wages as federal law requires.



The biggest winner of the settlement is former MC Communications worker David Dent. He received $12,000, which in part reflects his efficiency and overtime at the company. Other employees have received as much as $3,000. But the typical payoff, say the workers, will be around $1,000, which does not always reflect their lost wages.

Former MC Communications, Inc., employee David Dent

"I think they [MC Communications] settled it very cheaply," says Dan Stewart, who is now working for another cable installer. The lump sum payments were also reduced, at least temporarily, by deductions for income tax and FICA payments. In some cases, workers actually received checks for as little as $200.

An investigation by the Labor Department's Wage and Hour Division determined that MC Communications incorrectly calculated overtime wages for employees who were working, in some cases, as many as 70 hours per week. In addition, the company did not maintain accurate records of all hours worked by its installers.

MC performs cable installation work exclusively for Cox Communications in the Las Vegas Valley.

The Fair Labor Standards Act requires that employees be paid one-and-one-half times their regular rate of pay for hours worked more than 40 per week. MC Communications violated the FLSA by failing to add the production bonuses that workers routinely earned to the regular rate of pay before making the overtime calculations.

The company committed a second violation by not recording the overtime work of some employees and not paying them overtime for the extra hours. The shortfall resulting from the two violations was $141,495.

Some former MC employees insist that they have been blacklisted by Cox and that they have been told by hiring managers at different installation contractors that they would have been hired -- but they had been vetoed by Cox's human resources executive, Alan Rosenberg.

"We both applied at [one company] and were told that we were 'no hires' ... and that's all we were told," says Stewart. Dent applied at a second company. He was hired, only to be told two days later by a manager that Rosenberg said Dent was "on a list of 'no hires' and couldn't be hired by any subcontractors in the Cox system."

Cox Communications spokesman Tony Timmons denies that Cox maintains a blacklist. "They are independent companies, and we cannot tell them what to do," he says.

Dent is still unable to find work in the cable industry and is now working with the U.S. Housing and Urban Development Department repairing low-income housing.

Dent also complained to Nevada's Equal Rights Commission about discriminatory treatment at MC Communications. The commission found that his complaint was unproven, but he says that he was routinely subjected to racial taunts, including the N-word by MC managers because he was so efficient at performing cable installation work.

Cox Communications recently reduced its payments for cable installation work. Timmons admits that some payments have been reduced because of "market competition," but he says that others have actually increased. He declined to comment on the impact of the hourly wage determination on the payment structure of the industry, saying only that Cox continues to pay the contractors for each installation.

MC Communications owner Rob Hayes did not return calls seeking comment.

*Ian Mylchreest is editor of the* Las Vegas Business Press, CityLife *'s sister publication, in which a version of this article first appeared.*

*Last updated on Wednesday, May 19, 2004 at 2:50 pm*