Ryan A. Loosvelt (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV  89106
Telephone: 702.868.2600
Facsimile:  702.385.6862
Email:  rloosvelt@duanemorris.com

Annette A. Idalski
*Admitted Pro Hac Vice*
**CHAMBERLAIN HRDLICKA WHITE WILLIAMS & AUGHTRY**
191 Peachtree Street, NE, 34th Floor
Atlanta, GA  30303
Telephone: 404.658.5386
Facsimile:  404.659.1852
Email:  annette.idalski@chamberlainlaw.com

Attorneys for Defendant COX COMMUNICATIONS LAS VEGAS, INC.

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> COX COMMUNICATIONS LAS VEGAS, INC., VIP INSTALLS, INC., QUALITY COMMUNICATIONS, INC., SIERRA COMMUNICATIONS CO., and PARADIGM COMMUNICATIONS, INC., <br><br> Defendants. | Case No. 2:09-CV-1797-PMP-RJJ <br><br> **COX COMMUNICATIONS LAS VEGAS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO FILE A SUPPLEMENT IN OPPOSITION TO DEFENDANT COX'S SECOND MOTION FOR SUMMARY JUDGMENT** |

Defendant Cox Communications Las Vegas, Inc. ("Cox") submits its Response to Plaintiff's Motion To File A Supplement In Opposition to Defendant Cox's Second Motion for Summary Judgment, as follows:

**INTRODUCTION**

Valdez's Motion to File a Supplement (the "Motion") underscores the reason that Cox's Motion For Summary Judgment should be granted. Valdez is unable to set forth any credible evidence whatsoever to create a genuine issue of material fact sufficient to survive summary judgment on his frivolous joint employer claim against Cox. As pointed out at oral argument and in Cox's briefing, his "blacklisting" theory misses the mark completely and his relentless assertion of this argument is perplexing. As an initial matter, neither the *CityLife* article suggesting that Cox maintains a "blacklist" of individuals who may not perform installation work for Cox, nor the newly-filed Declaration of David Dent are admissible as they are both riddled with hearsay. Even assuming, however, that the Dent Declaration and the *CityLife* article were admissible and were true for summary judgment purposes, they are entirely irrelevant to the issue of whether Cox is Valdez's joint employer. First, <u>there is no evidence that Valdez was "blacklisted" or that Cox was otherwise involved with his hiring or termination from Quality, Sierra or VIP. Even when he committed a felony and stole from a Cox customer while employed by Quality, he was hired by VIP with no resistance from Cox</u>! Second, in a nearly identical case, *Jean-Louis v. Metropolitan Cable Communications, Inc.*, the court found that the cable company's discretion to issue or not to issue a badge to a contractor's installer was not evidence of joint employment. Thus, even if Cox did exercise its discretion to deny Valdez a badge, which has not even been alleged by Valdez because it did not occur, this would not create a genuine issue of material fact as to joint employer liability. Valdez cannot connect the dots and his case against Cox should be dismissed.

**ARGUMENT**

**I.     The Declaration of David Dent Should Not Be Considered Because it is Based on Inadmissible Hearsay**

The portions of the Dent Declaration related to an unknown individual allegedly telling him that Cox would not issue him a badge should not be considered because they are rife with inadmissible hearsay. (*See, e.g.*, Dent Declaration ¶ 3) ("[I] was told by the office manager [at Pratt Communications]. . . that I could not continue to work for them [and that] I was being fired because Cox Communications [] would not [] issue a 'Cox Badge' . . . ."); (*Id.* ¶ 4) ("I was then told that Cox Communications would not issue me a Cox Badge . . . .). Mr. Dent cannot introduce these second-

hand statements.  Worse, he cannot even identify the person who worked for Pratt Communications who made the statements to him.  (*Id.* ¶ 3.)  Moreover, he speculates as to when the statements were made guessing that "I believe it was in early 2004" and "2006". (*See id*. ¶¶ 3-4.)  Therefore, these hearsay statements must be disregarded by the Court. *See Rossi v. Trans World Airlines, Inc.*, 507 F.2d 404, 406 (9th Cir. 1974) (stating that the district court "properly disregarded" affidavit containing inadmissible hearsay); *Allen v. Trounday*, 657 F. Supp. 780, 785 (D. Nev. 1987) (disregarding deposition testimony based on hearsay); *A.C.L.U. of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) (disregarding newspaper article on hearsay grounds).

## II. Even if the Hearsay-Riddled Declaration of David Dent Were True, It is Irrelevant to Whether Cox is Valdez's Joint Employer

Even assuming the Court accepts as true the information contained in the Dent Declaration for purposes of Cox's summary judgment motion, such an assumption does not save Valdez from dismissal of his joint employer claim against Cox for two reasons.

Valdez's first argument is based on assumptions and flawed logic.  Specifically, David Dent testified that an unknown individual at Pratt Communications told him that Cox would not issue him a badge while he was employed by Pratt Communications.  (*See* Dent Declaration ¶¶ 3, 4.)  Valdez, accepting this hearsay statement for the truth of the matter asserted, asks the Court to make the illogical leap that, because Cox allegedly failed to issue David Dent a badge, Cox was Mr. Dent's joint employer. [Dkt. # 313, p. 2.]  Then, asking the Court to take yet another leap with him, Valdez contends that because Cox was Mr. Dent's joint employer, Cox must also be Valdez's joint employer. [*Id*.]  This argument is preposterous.  Valdez cannot survive summary judgment based on speculation and conjecture.  Whether Cox became a joint employer of David Dent by allegedly telling Pratt Communications in 2004 and 2006 that he could not be issued a Cox badge <u>is in no way connected</u> to whether Cox is a joint employer of Valdez. (*See* Dent Declaration ¶¶ 3, 4.)  Valdez, who was employed by Quality Communications, Sierra Communications, and VIP Installs from 2006 through 2009 [see Dkt. #191, pp. 10-11], did not testify that he was blacklisted by Cox or that he was denied a Cox badge. **To the contrary, the record reveals that even though Valdez stole**

**from one of Cox's customers while he worked at Quality, he was hired by VIP with no interference by Cox.** (*See* Dkt. # 74, Ex. A; Deposition of Joseph Valdez, pp. 195:2-196:10.)[1] Cox did not stop him from being hired or refuse to issue him a badge. Moreover, Valdez's Contractor Information Data Sheet maintained by Cox (and which was produced to Valdez in this litigation) does not state that Valdez cannot be issued a Cox badge even though Valdez stole from a Cox customer. (*See* Declaration of Terry Lee Paul and Ex. 1 thereto.)[2] For all of these reasons, the Dent Declaration does not advance Valdez's claim that Cox is his joint employer given the undisputed facts.

      Even assuming that Valdez could overcome the hearsay issues and assuming he could connect the dots between Mr. Dent and Valdez, he still cannot create a genuine issue of material fact in order to survive summary judgment. Courts have found that a cable company's refusal to issue a badge or its decision to take away a badge (de-authorization) does not demonstrate the type of "control" sufficient to create a genuine issue of material fact as to a joint employer relationship because the cable company is not preventing the installer from working for the installation company. In fact, the court in *Jean-Louis v. Metropolitan Cable Communications, Inc.* stated that "Time Warner's decision to de-authorize a given Metro technician from doing installation work while employed by Metro is not the same as a decision to either (a) prevent a Metro technician from working for Metro altogether; or (b) prevent a Metro technician from working for another service company that does installation work for Time Warner." *Jean-Louis v. Metropolitan Cable Communications, Inc.*, No. 09 Civ 6831 (RJH), S.D.N.Y. Sept. 30, 2011. [*See* Dkt. # 275.] For instance, a technician could work as a dispatcher or perform other roles with Metro notwithstanding Time Warner's decision to de-authorize the technician from work on Time Warner installations. In other words, the cable company's de-authorization – or "blacklisting" as defined by Valdez – does not dictate that the installation company must refuse to hire or fire any technician and does not amount to joint employment. *See also Jacobson v. Comcast Corp.*, 740 F. Supp. 2d 683, 687, 690

---

[1] Excerpts from the Deposition of Joseph Valdez are attached hereto as Exhibit 1.

[2] The Declaration of Terry Lee Paul is attached hereto as Exhibit 2.

(D. Md. 2010) (de-authorization is not evidence of joint employment); *Lawrence v. Adderly Indus., Inc.*, CV-09-2309, 2011 U.S. Dist. LEXIS 14386, *9, *26-31 (S.D.N.Y. Feb. 11, 2011) (same).

Thus, even if the purported "blacklist" alleged by the Dent Declaration and the *CityLife* article does exist (and Cox maintains that it does not), that blacklist does nothing to advance Valdez's argument that Cox was his joint employer.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to File a Supplement in Opposition to Defendant Cox's Second Motion for Summary Judgment should be denied, and even if it is granted, the purported argument and accompanying Dent Declaration should be disregarded for purposes of summary judgment.

DATED:  December 22, 2011

          CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

          By:  */s/ Annette A. Idalski*
               Annette A. Idalski (*pro hac vice*)

          Attorney for Defendant
          COX COMMUNICATIONS LAS VEGAS, INC.

## PROOF OF SERVICE

I hereby certify that I am a citizen of the United States and am employed in Fulton County, where this mailing occurs. I am over the age of eighteen years and not a party to the within entitled action; my business address is 191 Peachtree Street, N.E., 34th Floor, Atlanta, Georgia, 30303. On December 22, 2011, I served the document described as **COX COMMUNICATIONS LAS VEGAS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO FILE A SUPPLEMENT IN OPPOSITION TO DEFENDANT COX'S SECOND MOTION FOR SUMMARY JUDGMENT** on the interested party(ies) in this action as follows:

Leon Greenberg
LEON GREENBERG PROFESSIONAL CORPORATION
2965 S. Jones Blvd, Suite E4
Las Vegas, NV 89146
T: 702.383.6085; F: 702.385.1827

Christian Gabroy
GABROY LAW OFFICES
170 S. Green Valley Parkway, Suite 280
Henderson, NV 89012
T: 702.259.7777; F: 702.259.7704

Howard E. Cole
LEWIS AND ROCA LLP
3993 Howard Hughes, Suite 600
Las Vegas, NV 89109
T: 702.949.8200; F: 702.949.8398

Rick D. Roskelley
LITTLER MENDELSON
3960 Howard Hughes, Suite 300
Las Vegas, NV 89169
T: 702.862.8800; F: 702.862.8811

Malani L. Kotchka
Laura J. Thalacker
LIONEL SAWYER & COLLINS
300 South Fourth, Suite 1700
Las Vegas, NV 89101
T: 702.383.8888; F: 702.383.8845

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Las Vegas, Nevada, in the ordinary course of business.

☐ BY FEDERAL EXPRESS: I served said document(s) to be delivered on the same day to a courier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express.

☒ BY ELECTRONIC SERVICE: I served a true copy, with all exhibits, electronically on designated recipients via electronic transmission of said document(s) as provided under Federal Rules of Civil Procedure.

/s/ Annette A. Idalski
Annette A. Idalski
Shareholder, CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY