1   Leon Greenberg, NSB 8094
    Leon Greenberg Professional Corporation
2   2965 South Jones Blvd- Suite E4
    Las Vegas, Nevada 89146
3   Telephone (702) 383-6085
    Fax (702) 385-1827
4   leongreenberg@overtimelaw.com

5   Attorneys for Plaintiffs

6                   UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
7
    ----------------------------X
8   JOSEPH VALDEZ, individually  )    Case No.:09-cv-1797-PMP/RJJ
    and on behalf of all others  )
9   similarly situated,          )       **PLAINTIFF'S REPLY TO**
                                 )    **DEFENDANT COX'S RESPONSE TO**
10              Plaintiff,       )    **PLAINTIFF'S MOTION TO FILE A**
                                 )    **SUPPLEMENT IN OPPOSITION TO**
11  v.                           )    **DEFENDANT COX'S SECOND MOTION**
                                 )    **FOR SUMMARY JUDGMENT**
12  COX COMMUNICATIONS LAS VEGAS,)
    INC., VIDEO INTERNET PHONE   )
13  INSTALLS, INC., QUALITY      )
    COMMUNICATIONS, INC., SIERRA )
14  COMMUNICATIONS, CO., and     )
    PARADIGM COMMUNICATIONS, INC.,)
15                               )
                Defendants.      )
16  ----------------------------X

17

18      Plaintiff hereby submits this Reply to defendant Cox

19  Communications Las Vegas, Inc's, Response (Docket # 320) to

20  plaintiff's Motion to File a Supplement consisting of the

21  declaration of David Dent (Docket # 313).

22

23                          **ARGUMENT**

24  **I.   THE DECLARATION OF DAVID DENT IS NOT HEARSAY
         AND THE STATEMENTS RECITED THEREIN ARE PROPERLY**
25  **     CONSIDERED AS ADMISSIONS OF COX'S AGENT**

26      Cox's claim that David Dent's declaration is "rife with

27  inadmissible hearsay" is completely unsupported by Cox.  The

28  statements made to David Dent, that he was being denied a Cox

                              1

installer badge and employment with a Cox subcontractor at the
direction of Cox, were made by Cox's authorized agent, its
subcontractor Pratt Communications.  Such statements are not
hearsay but admissions made by a party's agent (here Pratt as Cox's
agent) against the party's interest as provided for under Federal
Rules of Evidence Rule 801(d)2(D).  *See, Hoptowit v. Ray*, 682 F.2d
1237, 1262 (9th Cir. 1982)(Statement of agent is not hearsay if
"*related* to matter within the scope of the agency," statement need
*not* be "within the scope of the declarant's agency").

Cox does not dispute its agent, Pratt, was entrusted to hire
installers such as David Dent and put them to work on Cox
installations, subject to Cox issuing installer badges to Pratt for
each such installer.  Statements made by Pratt to David Dent about
Cox refusing to issue such an installer badge to David Dent are
clearly "related" to its agency for Cox.  Cox cites no authority
for its assertion that David Dent's failure to identify, by name,
the person at Pratt who made such statements, or the exact date of
such statements, renders the declaration inadmissible.  None of
the authorities cited by Cox, *Rossi v. Trans World Airlines, Inc.*,
507F.2d 404, 406 (9th Cir. 1974); *Allen v. Trounday*, 657 F. Supp.
780, 785 (D. Nev. 1987); and *A.C.L.U. of Nevada v. City of Las
Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998), call into
question, or even address, whether Pratt's statements to David Dent
are properly considered admissions under FRE 801.  Nor do any of
those authorities otherwise support, in any fashion, Cox's claim
the David Dent declaration is inadmissable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. THE DECLARATION OF DAVID DENT IS HIGHLY RELEVANT BECAUSE IT DEMONSTRATES COX IS BLACKLISTING INSTALLERS WHO COMPLAIN ABOUT VIOLATIONS OF THE FLSA

Cox's assertions that David Dent's declaration is irrelevant, fails to address, or even mention, the essential fact established by such declaration: that Cox is blacklisting from employment with its subcontractors installers who complain about FLSA violations. A reasonable jury could conclude, based upon the evidence in the record, that Cox has created and enforced such a blacklist.  As David Dent makes clear in his declaration he (1) Filed an FLSA overtime violation complaint against a Cox subcontractor with the United States Department of Labor; (2) He had an exceptionally good work record while employed as a Cox installer; (3) After filing that complaint he applied for work three times as a Cox installer with another Cox subcontractor and on each occasion was told Cox would not issue him a Cox installer badge.  Cox does not dispute any of these facts.  Its failure to do so establishes it would be reasonable for a jury, at the time of trial, to find Cox has blacklisted David Dent from employment with any Cox subcontractor in retaliation for his FLSA complaint.

That the plaintiff in this case, Joe Valdez, has not, personally, been blacklisted from employment by Cox, is irrelevant. It is similarly irrelevant that Cox does not become an FLSA joint employer simply because it refuses to issue installer badges to particular persons with criminal histories or for other legitimate reasons.  The issue of fact precluding summary judgment, which again is not even disputed by Cox, is whether Cox is expressly acting to blacklist from employment persons who have made

3

complaints of FLSA violations.  David Dent offers admissible proof
that Cox has so acted.  If such action by Cox is established at
trial to the satisfaction of a jury, Cox must be held, as a matter
of law, to be an FLSA joint employer of all of its subcontractors'
employees.  Failing to hold Cox liable as a joint employer under
such circumstances would countenance the exact sort of FLSA evasion
that the joint employer standard is designed to prevent.

**<u>CONCLUSION</u>**

For the foregoing reasons plaintiff's motion to file a
supplement should be granted.


Dated: Clark County, Nevada
       December 30, 2011



                         Yours, etc.,

                              /s/ *Leon Greenberg*
                         _____
                         Leon Greenberg, Esq.
                         LEON GREENBERG PROFESSIONAL CORPORATION
                         Attorney for the Plaintiff
                         2965 South Jones Blvd- Suite E4
                         Las Vegas, Nevada 89146
                         (703) 383-6085
                         Nevada Bar Number: 8094

4